For full opinion see 2 OO 177; 194 NE 609; 48 Oh Ap 567.

**BEACON JOURNAL PUBLISHING CO v PAVICK**

Ohio Appeals, 9th Dist, Summit Co

No 2389.   Decided Feb 5, 1935

Musser, Kimber & Huffman, Akron, for plaintiff in error.

Alfred Limber, Akron, for defendant in error.

## OPINION

By STEVENS, J.

The sole question to be here determined is whether the delivery boy, who, upon the day in question, was not Zeller but a substitute procured by him, in accordance with the provisions of the above contract, was an agent and employee of defendant, or an independent contractor.

There is no evidence in the record of any dealings between the Beacon Journal Co. and the boy whose negligence it is claimed caused the injury, except through and by virtue of said contract, and therefore if said boy was an employee of the Beacon Journal Co., it is because such contract created such relationship between the company and Zeller, or the substitute furnished by him with the knowledge of the company.

The general rule to be applied in a determination of whether a relationship is that of master and servant or that of an independent contractor, is that "it is necessary to construe the contract in the light of all the surrounding circumstances."

21 O. Jur., "Independent Contractors," §6, p. 628.

"Independent contractor" is defined as "one who carries on an independent business, in the course of which he undertakes to accomplish some result or do some piece of work, for another, being left at liberty in general to choose his own means and methods, and being responsible to his employer only for the results which he has undertaken to bring about."

2 Mecham on Agency (2nd ed.), §1870, quoted with approval in **Post Publishing Co. v Schickling, 22 Oh Ap 318, (4 Abs 613),** at page 322.

Paragraph 1 of the written contract required the careful and prompt carrying and delivery of the daily edition of the Beacon Journal to all subscribers or customers throughout carrier's route No. 407, and the

having of a substitute familiar with the route, to deliver the papers in case of sickness.

The result contracted for was the carrying and delivery of the papers in a prompt and careful manner, and prompt payment therefor, and in the accomplishment of that result the carrier was at liberty to use any means, course or conveyance which he chose.

It does not appear either from the contract or the surrounding circumstances as disclosed by the record, that the employer retained any right of control as to the method or means by which the carrier boy effected the result which was the subject of the contract.

It seems to us that such a situation falls squarely within the rule announced by the Supreme Court of Michigan in Gall v Detroit Journal Co., 158 NW 36, wherein it announced that—

"One whom the employer does not control, and has no right to control, as to the method, or means, by which he produces the result contracted for is an independent contractor."

It follows, therefore, and we are of the unanimous opinion, that the trial court erred when it construed the contract as creating the relationship of employer and employee.

Considered as a contract creating the relationship of independent contractor, the trial court should have directed a verdict in favor of defendant at the close of all of the evidence.

Because the same is contrary to law, we reverse the judgment of the Court of Common Pleas, and render the judgment which the trial court should have rendered—which is judgment for defendant at plaintiff's costs, with exceptions to plaintiff.

WASHBURN, PJ, and FUNK, J, concur in judgment.