FANKHAUSER, APPELLANT, *v.*
KNIGHT-RIDDER NEWSPAPER, D.B.A.
AKRON BEACON JOURNAL, APPELLEE.

(No. 12391—Decided June 18, 1986.)

*S. Mark Glick,* for appellant.
*Ronald S. Kopp,* for appellee.

BAIRD, P.J. This cause came on before the court upon plaintiff's appeal from summary judgment. We affirm.

Appellant, John Fankhauser, was a newspaper carrier on April 2, 1982, when he was struck by a hit-and-run driver. He filed for workers' compensation; he was denied compensation after a hearing where it was determined that he was not an employee of the newspaper.

Fankhauser appealed the decision to the regional board of review, which affirmed the hearing officer's decision. Fankhauser appealed that decision to the Industrial Commission, which denied the appeal. Fankhauser then filed an appeal with the common pleas court seeking a reversal of the Industrial Commission's decision and a determination that he had a right to participate under the Workers' Compensation Act. The Beacon Journal Publishing Company moved for summary judgment which was granted. Fankhauser appeals.

Assignments of Error

"I. The court below erred in finding as a matter of law that plaintiff was an independent contractor.

"II. The court below erred in finding that there were no issues of fact to be decided in determining plaintiff's status as either employee or independent contractor."

As these assignments of error both relate to the status of a newscarrier they will be treated together.

Civ. R. 56(C) provides in part:

"* * * Summary judgment shall be rendered forthwith if * * * there is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

A reviewing court must follow the standard set forth in Civ. R. 56(C). *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317 [4 O.O.3d 466].

"The Workmen's Compensation Act was enacted for the purpose of providing a state insurance fund for the benefit of injured and dependents of killed employees and requiring contributions thereto by employers. If the relation of employer and employee does not exist the provisions of the act have no application." *Coviello* v. *Indus. Comm.* (1935), 129 Ohio St. 589 [3 O.O. 9], paragraph one of the syllabus.

The test for determining whether a person is an independent contractor and thus ineligible for workers' compensation has been set forth as follows:

"Whether one is an independent contractor or in service depends upon the facts of each case. The principal test applied to determine the character of the arrangement is that if the employer reserves the right to control the manner or means of doing the work, the relation created is that of master and servant, while if the manner or means of doing the work or job is left to one who is responsible to the employer only for the result, an independent contractor relationship is thereby created." *Gillum* v. *Indus. Comm.* (1943), 141 Ohio St. 373 [25 O.O. 531], paragraph two of the syllabus.

The trial court, applying the *Gillum* test, determined that Fankhauser was an independent contractor. This court had earlier determined that a Beacon Journal newscarrier, "* * * under contract to carry and deliver papers in a prompt and careful manner, and to pay promptly therefore, but under no restrictions as to the means, course or conveyance to be used in the accomplishment of such result, is an independent contractor and not an employee of the newspaper company." *Beacon Journal Publishing Co.* v. *Pavick* (App. 1935), 18 Ohio Law Abs. 547, paragraph one of the syllabus. We are persuaded that this conclusion remains valid and that it is applicable to this case.

The newscarriers sign a contract, are required to buy the newspapers from the Beacon Journal, are responsible for collecting their own payments and must suffer the loss if the customer does not pay them. They buy their supplies, either from the Beacon Journal or elsewhere. They do have a route, but may solicit customers outside the route and are not limited to carrying only the Beacon Journal but may deliver newspapers of other publishers, if they choose. They must find their own substitutes or helpers and make their own financial arrangements with those helpers. They may purchase accident insurance on their own; they are not covered by the paper. Their income is not reported on a W-2 form.

Fankhauser contends that the paper is reserving a right to control because it provides a guidebook and suggests the hours between which the paper should be delivered. However, in *Gillum* the court found that:

"As a practical proposition, every

contract for work to be done reserves to the employer a certain degree of control, at least to enable him to see that the contract is performed according to specifications. The employer may exercise a limited control over the work without rendering the employee a mere servant, for a relation of master and servant is not inferable from a reservation of powers which [does] not deprive the contractor of his right to do the work according to his own initiative * * *; an independent contractor relationship exists where the person doing the work is subject to the will of the employer only as to the result, but not as to the means or manner of accomplishment. * * *" *Gillum, supra,* at 382.

The result reserved by the newspaper is the carrying and delivery of the papers in a prompt and careful manner. *Pavick, supra,* at 549. The means of achieving the result (whether to use a car or bike, or to walk; the order in which papers are to be delivered; and the places where the papers are to be placed) are left to the newscarriers.

Fankhauser contends that defendant Knight-Ridder raised the employee status of its newscarriers as a defense in a tort action in Florida. *Sosa* v. *Knight-Ridder Newspapers, Inc.* (Fla. 1983), 435 So. 2d 821. However, the contract in that case specifically denominated the newscarrier as an employee. Moreover, that court held that employment status of a carrier was a question of law for judicial resolution and not a matter of fact for the jury. *Sosa* v. *Knight-Ridder, supra,* at 826. The trial court in the case *sub judice* determined Fankhauser's employment status as a matter of law.

The trial court was correct in determining, as a matter of law, that Fankhauser was an independent contractor and that there were no material issues of fact to be decided regarding his status. The appellant's assignments of error are not well-taken. The judgment of the trial court is affirmed.

*Judgment affirmed.*

GEORGE and HOFSTETTER, JJ., concur.

HOFSTETTER, J., retired, of the Eleventh Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.