Grady, Presiding Judge,
concurring.
{¶ 32} Plaintiff-appellant Soloman argues that at least one of seven additional R.C. 4123.01(A)(1)(c) factors should be construed narrowly in his favor to find that he was an employee of Dayton Window & Door Co. and not an independent contractor. Soloman cites R.C. 4123.95 in support of that contention. That section provides: “Sections 4123.01 to 4123.94, inclusive, of the Revised Code shall be liberally construed in favor of employees and the dependents of deceased employees.”
{¶ 33} Generally, whether a claimant for worker’s compensation benefits is an employee or an independent contractor turns on the degree of control that the other party to the contract for hire retains over the claimant’s work. Gillum v. Indus. Comm. (1943), 141 Ohio St. 373, 48 N.E.2d 234. We have written that in enacting R.C. 4123.01(A)(1)(c), “the legislature intended to redefine ‘employee’ and to substitute a statutory test for the traditional common law standard. We also find that the legislative mandate in R.C. 4123.01(A)(1)(c) is unambiguous. As a result, we cannot restrict, qualify, narrow, or enlarge the statute. Instead, we must apply the statute without interpretation.” Slauter v. Klink (Aug. 18, 2000), Montgomery App. No. 18150, 2000 WL 1162041, *5.
{¶ 34} The liberal-construction provision of R.C. 4123.95 would appear to require that each of the 20 factors in R.C. 4123.01(A)(1)(c) must be weighed by the court in Soloman’s favor instead of neutrally as we held in Slauter v. Klink. The reason why R.C. 4123.95 does not apply in that respect was explained in Koch v. Conrad (Dec. 9, 1997), Franklin App. No. 97APE05-663, 1997 WL 770985, at *3:
{¶ 35} “As an initial matter, R.C. [4523.95], by its very terms, does not apply to the determination of employee status. R.C. 4123.95 states that the workers’ compensation statutes ‘shall be liberally construed in favor of employees and the dependents of deceased employees.’ (Emphasis added.) However, the statute does not state that we are to liberally construe the meaning of the term ‘employee.’ Until a person is determined to be an employee, the workers’ compensation statutes do not even apply. ‘The Workmen’s Compensation Act was enacted for the purpose of providing a state insurance fund for the benefit of injured and dependents of skilled employees and requiring contributions thereto *25 by employers. If the relation of employer and employee does not exist the provisions of the act have no application.’ Frankhauser [Fankhauser] v. Knight-Ridder Newspaper (1986), 27 Ohio App.3d 236, 237, 500 N.E.2d 407 (quoting Coviello v. Indus. Comm. [1935], 129 Ohio St. 589, 196 N.E. 661, paragraph one of the syllabus) (emphasis added).”
{¶ 36} If the liberal-construction requirements of R.C. 4123.95 were to apply to the factors in R.C. 4123.01(A)(1)(c), then I would find that at least two of the seven additional factors on which Soloman relies require a reversal. However, R.C. 4123.95 does not so apply, Koch, and on this record, the trial court’s finding that Soloman is an independent contractor and not an employee for purposes of worker’s compensation coverage is supported by competent, credible evidence and therefore must be affirmed. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.