WHITE MOTOR CORPORATION, APPELLANT, *v.* MOORE ET AL., APPELLEES.

(No. 76-27—Decided December 8, 1976.)

**158**

*Messrs. Squire, Sanders & Dempsey, Mr. David G. Schmidt, Mr. Robert H. Gillespy* and *Mr. H. V. E. Mitchell,* for appellant.

*Spohn & Sanislo Co., L. P. A.,* and *Mr. James J. McGarry, Jr.,* for appellee Lonnie H. Moore.

CELEBREZZE, J. The principal issue to be resolved in this cause is whether, in an R. C. 4123.519 appeal, a claimant, in order to establish a compensable injury under the Workmen's Compensation Act, must present medical evidence substantiating the claimed injury. The appellant contends that it is not sufficient for the claimant to testify, for the reason that his testimony would be self-serving and therefore of insufficient probative value to allow the case to go to a jury. According to the appellant, the trial court properly granted its motion for judgment notwithstanding the verdict because the claimant's alleged injury was not corroborated by the testimony of a medical expert witness. In support of this contention, appellant cites the case of *Phillips* v. *Borg-Warner Corp.* (1972), 32 Ohio St. 2d 266.

A reading of the first paragraph of the syllabus in that case discloses that the "injury" which was the subject matter of the claim therein was allegedly caused by an infectious virus "created by" exposure "to extreme cold and wind." That is not the nature of the injury in this cause. We are dealing here with a claim allowed for a "bruise above the left patella."

This court is of the opinion that the instant claim falls within the language expressed by Stewart, J., in *Stacey* v. *Carnegie-Illinois Steel Corp.* (1951), 156 Ohio St. 205, at page 213, cited by both sides. Judge Stewart, in delineating under what circumstances expert medical testimony is necessary to submit a cause to a jury, stated as follows:

"There are two types of industrial injury cases, one in which the testimony of lay witnesses does have probative value in establishing the probability of proximate causal relationship between accident and re-resulting injury, and the other where the testimony of lay witnesses is without probative value to establish a proximate causal relationship between the injury and the result claimed and where medical testimony is absolutely essential to prove such relationship. Each case must be decided upon its own facts in reference to this question."

The *Stacey* case involved a condition of bilateral cataracts alleged to have resulted from a small particle lodging in one eye.

Succinctly stated, both cases relied on by appellant involved rather complicated medical problems, and were cases in which the testimony of medical witnesses was or would be preferred in order to better equip the jury for its determination. Such testimony would hardly seem necessary in a medical problem involving the presence or dimension of a bruise.

As a general rule of law involving complex medical problems, medical evidence is necessary to establish a direct or proximate causal relationship between an industrial accident and the resulting injury. See *Fox* v. *Indus. Comm.* (1955), 162 Ohio St. 569. However, as noted in the *Stacey*

case, *supra*, there are two types of industrial injury cases. The instant case involves a "bruise above the left patella" allegedly caused by a truck frame which fell from a dolly and struck the claimant with such force that he fell and was pinned beneath it. We submit that there is little if any medical complexity about this type of accident or injury. Further, to argue that there is a dispute as to the occurrence of the injury itself is a matter of credibilty of witnesses, not scientific inquiry.

We note at this point that the trial court granted appellant's motion for judgment notwithstanding the verdict. The trial court had a duty to sustain the motion only if there was insufficient evidence to permit reasonable minds to reach different conclusions on the issues and, conversely, the trial court had a duty to overrule the motion for judgment notwithstanding the verdict if there was sufficient evidence to permit reasonable minds to reach different conclusions. See *O'Day* v. *Webb* (1972), 29 Ohio St. 2d 215, and cases cited therein.

The record here discloses evidence of probative value to substantiate an injury to claimant, and the testimony as to the dispensary records of the appellant corroborate the "standard procedure" treatment employed. Appellant argues that the testimony of the claimant is "self-serving." Although it well may be, it too is corroborated by the references to appellant's records. The granting of appellant's motion for judgment notwithstanding the verdict is tantamount to holding that in order for a claimant to present competent evidence upon which a jury could reach a valid decision, there must be medical evidence to support the fact of the injury. We reject this conclusion and adhere to the proposition, as stated above, that where the question of injury in this kind of case involves a matter of common knowledge to the average layman, it is not necessary to submit medical testimony in order to get the case to the jury.

Appellant raises further a procedural question provoked by the manner in which the trial court disposed of appellant's "Alternative Motion for Judgment Notwith-

standing the Verdict or New Trial.'' This question is posited by the directive contained in Civ. R. 50(C)(1), which states:

"If the motion for judgment notwithstanding the verdict, provided for in subdivision (B) of this rule, is granted, the court *shall also rule on the motion for a new trial,* if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed. * * *'' (Emphasis added.)

A reading of the trial court's opinion discloses a somewhat ambiguous remark with respect to its disposition of the motion for a new trial, which obviously caused the confusion complained of by appellant. The trial court stated: "* * * even though there be ample reason to sustain said motion the court feels that judgment notwithstanding the verdict becomes more dispositive of the matter.''

Appellant maintains that by this language the trial court conditionally granted the motion for a new trial. Appellee asserts that such verbiage connotes a tacit denial of the motion and that appellant should have raised this matter by cross-appeal in the Court of Appeals. We accept the former proposition. The use of "ample reason to sustain said motion" implies a conditional granting. The trial court mistakenly felt that granting the motion for judgment notwithstanding the verdict would promptly dispose of the matter, while at the same time would avoid the "duplicity of effort" necessitated by a new trial—an admirable goal in the interest of judicial economy, but hardly an appropriate basis for a judicial conclusion.

However, we are constrained to disagree with the appellant that the "conditional granting" of the motion for a new trial requires this court to remand the cause.

Civ. R. 50 (C)(1) continues, as follows:

"In case the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed, *unless the appellate court has otherwise ordered.* * * *'' (Emphasis added.)

Here, the Court of Appeals stated, "[w]e hold, there-

fore, that competent and probative evidence was adduced at trial to sustain the verdict of the jury * * *," thereby reversing the trial court's implied conditional grant of a new trial.

It is not clear upon what grounds the trial court made its implied conditional grant of a new trial, since it failed to set forth the grounds in writing as required by Civ. R. 59(A). However, the only ground presented by appellant in its motion was appellee's failure to present "medical evidence, credible and competent or otherwise," in support of his claim. Thus it follows that the conditional grant was necessarily based upon the "weighing" by the trial court of the evidence sufficient to maintain a jury question.* We have previously determined that the trial court was in error concerning the nature of the evidence required in this kind of case.

Pursuant to the language contained in Civ. R. 50(C) (1), the Court of Appeals "otherwise ordered": "No other error appearing in the record, this cause is reversed and judgment granted to appellant."

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STILLMAN, W. BROWN and P. BROWN, JJ., concur.

STILLMAN, J., of the Eighth Appellate District, sitting for STERN, J.

---

*The third paragraph of the syllabus in *Rohde* v. *Farmer* (1970), 23 Ohio St. 2d 82, contains the following language:

"There is a basic difference between the duty of a trial court to submit a case to the jury where 'reasonable minds' could differ and the right of a trial court to grant a new trial on the basis of its conclusion that the verdict is not 'sustained by sufficient evidence.' The former does not involve any *weighing* of evidence by the court; nor is the court concerned therein with the question of credibility of witnesses. However, in ruling on a motion for new trial upon the basis of a claim that the judgment 'is not sustained by sufficient evidence,' the court must weigh the evidence and pass upon the credibility of the witnesses * * *."