CARPENTER, Appellant,

v.

BONNIWAY LEASING, INC.; Mihm, Admr., et al., Appellees ▪.

[Cite as *Carpenter v. Bonniway Leasing, Inc.* (1993), 89 Ohio App.3d 840.]

Court of Appeals of Ohio,
Tuscarawas County.

No. 93AP010004.

Decided Aug. 16, 1993.

*Arthur C. Graves,* for appellant.

*Lee Fisher,* Attorney General, and *Jetta Mencer,* Assistant Attorney General, Workers' Compensation Section, for appellees.

READER, Judge.

Following jury trial, the Tuscarawas County Common Pleas Court held that appellant Betty J. Carpenter was not entitled to participate in the Workers' Compensation Fund for the death of her husband, George G. Carpenter. She appeals:

"I. The trial court erred in overruling the challenge for cause by counsel for the widow-claimant with respect to prospective juror Gazdik.

"II. The trial court erred in charging the jury that an injury does not include * * * 'a condition primarily caused by the natural deterioration of tissue, an organ, or part of the body. * * *'

"III.  Section 4123.01(C)(2) that excludes from the definition of injury any condition 'caused primarily by natural deterioration of tissue, an organ, or part of the body' is unconstitutionally vague and violates the Equal Protection and Due Process Clauses of the Constitution[s] of the state of Ohio and the United States."

On July 28, 1988, the decedent was driving a tractor-trailer rig for his employer, Bonniway Leasing, Inc.[1]  As appellant was traveling on Interstate 80 in Pennsylvania, his truck ran off the road, struck a tree, and turned over.  The decedent sustained facial lacerations, a fractured leg, and rib and sternal fractures.  He was pronounced dead at the scene.  The death certificate listed the cause of death as coronary arrest.  In addition to the injuries sustained in the crash, the autopsy disclosed coronary arteriosclerosis.

Appellant's claim for workers' compensation benefits was denied by the Bureau of Workers' Compensation and the Industrial Commission.  Appellant appealed to the Tuscarawas County Common Pleas Court.

The case proceeded to jury trial.  Appellant presented expert testimony that the decedent's death was proximately caused by the accident.  Appellees, Patrick G. Mihm, Administrator of the Bureau of Workers' Compensation, and the Industrial Commission of Ohio, presented expert testimony that his death was caused naturally by heart disease, and that the accident was caused by cardiac arrhythmia.

The jury returned a unanimous verdict that appellant was not entitled to participate in the Workers' Compensation Fund.  The court entered judgment accordingly.

## I

█ Appellant argues that the court should have excused a juror for cause, as the juror could not state that she would be fair and impartial.

The juror in question had a family history of heart disease, and her father had recently died from a heart attack.  She stated that she might have difficulty being a fair and impartial juror.  She stated that she could try to decide the case on the facts, putting her personal experiences aside, and that she could try to be a fair and impartial juror.  When the court declined to excuse the juror for cause, appellant removed her with a peremptory challenge.

█ The trial court is in a position to observe the demeanor of a juror and to evaluate firsthand the sincerity of the responses to the questions asked.  *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301, 1309.  Thus, a

---

1.  Bonniway Leasing is no longer in business.  The company was not represented by counsel at trial, and has not entered an appearance in this appeal.

determination of whether a juror should be excused for cause lies within the sound discretion of the trial court. *Id.* at syllabus.

The record does not demonstrate that the court abused its discretion in failing to remove this juror for cause, after she stated that she could try to be fair and impartial. The trial judge had the opportunity to observe her demeanor and to judge the sincerity of her response that she could try to be fair and impartial.

Further, appellant does not demonstrate prejudice. The juror did not state which of the parties she would be biased in favor of or against. Given the history of heart disease in her family, it would appear that she would tend to be more sympathetic toward appellant than to appellees.

Further, appellant has not demonstrated that she was forced to accept a hostile juror over her objection, or that the jury as constituted was not fair and impartial.

The first assignment of error is overruled.

## II

Appellant argues that a conflict existed between the jury instruction on dual causation and the instruction defining "injury."

The court instructed the jury in pertinent part:

"To participate in the Worker's Compensation Fund the plaintiff must establish by a preponderance of the evidence the following essential facts: 1) that on or about July 28, 1988, George G. Carpenter received injuries while in the course of employment, 2) that the injuries sustained by George C. Carpenter on July 28, 1988 were at least one of the proximate causes of his death on that date if you find there was more than one proximate cause of his death. * * *

"Proximate cause is a happening or event which, in a natural and continuous sequence, directly produces death and without which death would not have occurred. There can be more than one proximate cause. When two or more factors combined to produce damage or illness or death, each is a proximate cause. * * *

"If you find that the injury or injuries in this case is or are a direct and proximate cause of the death of George Carpenter on July 28, 1988, George Carpenter's pre-existing physical condition does not foreclose Betty Carpenter [from] participating in the Worker's Compensation Fund.

"If the death of George Carpenter on July 28, 1988, was due to a combination of a pre-existing medical condition and the injuries sustained in this semi-tractor trailer accident then his death was a direct and proximate result of the semi-tractor trailer traffic crash of that date.

"To decide whether there was an injury or injuries and whether the injury or injuries was or were accidental, you will apply the following definition. You may not substitute your own idea of the word injury. Injury includes any injury, whether caused by external accidental means, or accidental in character, or of gradual onset and result received in the course of and arising out of the injured employees' work. Injury does not include an injury or disability caused primarily by the natural deterioration of tissue, an organ, or part of the body."

The instruction that injury does not include an injury caused primarily by natural deterioration of tissue, an organ, or a body part is a correct statement of the law as stated in R.C. 4123.01(C)(2), and was properly given based on the evidence in this case.

The instruction on dual causation does not conflict with the instruction that injury does not include injury caused primarily by natural deterioration. When the two instructions are combined, the court told the jury that if the decedent died as a combination of his pre-existing medical condition and the injury sustained in the accident, then his death was a proximate result of the accident, unless his death was caused *primarily* by the pre-existing condition of his heart. The instruction in effect asked the jury to apportion causation of his death. In this regard, the instruction was similar to that given in a comparative negligence case.

The second assignment of error is overruled.

### III

Appellant argues that R.C. 4123.01(C)(2) is unconstitutional:

"(C) 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. 'Injury' does not include:

" * * *

"(2) Injury or disability caused primarily by the natural deterioration of tissue, an organ, or part of the body[.]"

Appellant argues that this statute denies her due process and equal protection pursuant to the Ohio and United States Constitutions. She appears to base this argument on the portions of the Revised Code which give employers of handicapped persons certain benefits, including persons who suffer from cardiac disease in the definition of "handicapped."

The fact that employers are given encouragement to hire handicapped employees by way of financial benefits does not require that such employees receive workers' compensation benefits if injured primarily due to a natural condition.

The statute does not restrict payment of benefits to handicapped employees if they are injured in the course of employment, so long as the natural deterioration is not the primary cause. Contrary to appellant's argument, there is a rational basis for this statute. The purpose of the Workers' Compensation Fund is to provide compensation for persons who are injured in the course of their employment. To exclude from coverage persons who are injured primarily due to natural causes ensures that the fund is used for its intended purpose.

Appellant next argues that the statute is void for vagueness because "caused primarily" is not defined. However, this phrase can be easily applied by giving the words their ordinary meanings, and "caused primarily" is not a term of art which jurors are unable to understand.

Appellant argues next that the statute is vague because it does not specify what standard of proof is to be applied to the primary cause of the injury. In order to establish a right to benefits, a claimant must show by a preponderance of the evidence that the injury arose out of and in the course of employment, and that the injury was the proximate cause of the harm or disability. *White Motor Corp. v. Moore* (1976), 48 Ohio St.2d 156, 2 O.O.3d 338, 357 N.E.2d 1069, paragraph one of the syllabus. The challenged statute defines "injury." Thus, the standard of proof is a preponderance of the evidence, and is not clear and convincing evidence. We decline to hold that a statute which does not in its terms state the standard of proof required is unconstitutionally vague.

The third assignment of error is overruled. The judgment of the Tuscarawas County Common Pleas Court is affirmed.

*Judgment affirmed.*

GWIN, P.J., and FARMER, J., concur.