OPINION
Appellant, Bryan J. Dailey, appeals a decision of the Trumbull County Court of Common Pleas granting summary judgment in favor of appellee, AutoZone, Inc. ("AutoZone"), which precluded him from participating in the workers' compensation fund. The following facts are relevant to a determination of this appeal.
On March 19, 1997, appellant reported for work at AutoZone, an automobile parts retailer located in Warren, Ohio. Appellant reported for work at 7 a.m. and spent several hours unloading trucks and stocking store shelves. Sometime after noon, the store manager asked appellant to work behind the parts counter, which he did for five or ten minutes. Then, appellant was asked to operate one of the cash registers. While working at the cash register, a question arose with respect to the return of some merchandise. Appellant sought the advice of the store manager, who was approximately six feet away. Appellant had to wait one minute while the manager was attending to a customer. When the manager was free, appellant turned to hand him a receipt to look at. In doing so, appellant suffered a sharp pain in his lower back running down the back of his leg. Appellant was helped to the office where he rested for approximately twenty minutes. He then returned to work to complete the final four hours of his shift.
The following day, appellant went to the Trumbull Memorial Hospital emergency room complaining of back pain. He told the treating physician that while he was at work on the previous day, "he was walking and felt a pop in his back." He was diagnosed as having sustained a sprain of the lumbar region. Four days later, on March 24, 1997, appellant sought treatment from a Dr. Vargo who advised that this was not a workers' compensation injury.
Appellant filed a claim for workers' compensation benefits with the Industrial Commission of Ohio. On September 23, 1997, appellant's claim to participate in the workers' compensation fund was denied. Appellant filed an administrative appeal in the common pleas court. On September 17, 1999, the common pleas court granted summary judgment in favor of appellee and denied appellant's cross motion for summary judgment. The court reasoned that appellant had failed to establish a causal relationship between his injury and his employment.
Appellant timely filed a notice of appeal and has now set forth the following assignments of error:
 "1. The trial court erred to the prejudice of plaintiff-appellant by overruling his motion for summary judgment and granting defendant-appellee's motion for summary judgment.
 "2. The trial court erred to the prejudice of plaintiff-appellant by disregarding case law supporting his claim for workers' compensation benefits and treating it as being overruled where there is absolutely no support for such treatment of the case."
 In the first assignment of error, appellant contends that the trial court erred by overruling his motion for summary judgment and granting AutoZone's motion for summary judgment. In the second assignment of error, appellant asserts that the trial court erred by disregarding established case law supporting his claim. Essentially, these two assignments of error are interrelated and, thus, will be treated in a consolidated manner.
Civ.R. 56(C) provides, in relevant part:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 As this court has previously stated, in a summary judgment exercise, the movant bears the responsibility of establishing that there is the absence of a genuine issue of material fact, and that the movant is entitled to judgment as a matter of law. State Automobile Ins. Cos. v. Manning (Aug. 8, 1997), Geauga App. No. 96-G-2000, unreported, at 3. If the movant fails to meet this burden, summary judgment must be denied. Id., citing Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. If the movant is successful, the burden shifts to the non-moving party to demonstrate that a jury question, in fact, exists. Id., citing State ex rel. Mayes v. Holman (1996), 76 Ohio St.3d 147, 148. If the non-moving party fails to demonstrate that a triable issue exists, summary judgment should be granted. Id. at 3-4, citing State ex rel. Leigh v. SERB
(1996), 76 Ohio St.3d 143, 146.
Regarding a claimant's entitlement to participate in the workers' compensation fund, the Supreme Court of Ohio has set forth the following standard:
 "In order to establish a right to workmen's compensation for harm or disability claimed to have resulted from an accidental injury, it is necessary for the claimant to show by a preponderance of the evidence, medical or otherwise, not only that his injury arose out of and in the course of his employment, but also that a direct or proximate causal relationship existed between his injury and his harm or disability. (Fox v. Indus. Comm. [1955], 162 Ohio St. 569, approved and followed.)" White Motor Corp. v. Moore (1976), 48 Ohio St.2d 156, paragraph one of the syllabus. See, also, Davis v. Morton Thiokol (Nov. 1, 1991), Lake App. No. 90-L-15-083, unreported.
 The "arising out of" element necessarily contemplates that a causal connection be established between the injury and the employment. Ruckman v. Cubby Drilling, Inc. (1998), 81 Ohio St.3d 117, 121-122. See, also, McNees v. Cincinnati Street Ry. Co. (1949), 152 Ohio St. 269, paragraph six of the syllabus. As aptly stated by this court in Evans v. Mihm
(Sept. 4, 1992), Trumbull App. No. 92-T-4644, unreported, at 4-5:
 "[t]he compensation for an injury should not be determined by the fortuity of its manifestation at the worksite. A non-compensable injury is unfortunate; compensating a non-compensable injury is unlawful."
 In the present case, other than the fact that it occurred while appellant was at work, there was no evidence presented that appellant's injury was work related. Appellant was not lifting, pushing, or pulling anything at the time of the injury. Depending on which of appellant's explanations of the events leading to the injury is to be believed, appellant was either walking, or turning slightly with a paper receipt in his hand, when he first experienced the pain in his back. This was a normal movement that could easily have occurred at home, or any other place other than work. It was not specifically associated with his work nor could it be considered a hazard of working at AutoZone.
The Workers' Compensation Act is not meant to impose a duty on an employer as an absolute insurer of the employee's safety. Instead, the Act is only intended to protect employees against risks and hazards incident to the performance of their duties.Phelps v. Positive Action Tool Co. (1986), 26 Ohio St.3d 142,144.
In the instant cause, appellant presented no expert testimony to support his contention that the injury arose out of his employment at AutoZone. The only evidence before the trial court on this issue came from plaintiff's treating physician, Dr. Vargo. Dr. Vargo was of the opinion that appellant's injury was not
compensable as a workers' compensation injury. This evidence was unrefuted.
Based upon the evidence that was presented to the trial court, we conclude that the decision to grant summary judgment in favor of AutoZone, and to deny appellant's motion for summary judgment, was not error. Appellant's assignments of error are without merit.
The judgment of the trial court is hereby affirmed.