[Cite as *Caldwell v. Lucic Ents., Inc.*, 2012-Ohio-1059.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No.  97303**

# ROBERT CALDWELL, ET AL.

PLAINTIFFS-APPELLANTS

vs.

# LUCIC ENTERPRISES, INC., ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No.  CV-734799

**BEFORE:**   Keough, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   March 15, 2012

**ATTORNEY FOR APPELLANTS**

James M. Johnson
110 Hoyt Block Building
700 W. St. Clair Avenue
Cleveland, OH 44113-1287


**ATTORNEY FOR APPELLEES**

Samuel J. Mamich
P.O. Box 46316
Bedford, OH 44146

KATHLEEN ANN KEOUGH, J.:

{¶1} Plaintiffs-appellants, Robert and Stephanie Caldwell ("appellants"), appeal the trial court's judgment granting the motion in limine filed by defendants-appellees, Lucic Enterprises, Inc. d.b.a. Scripts Nite Club, and Scripts Nite Club (collectively "appellees"). Appellants also appeal the trial court's decision dismissing the complaint with prejudice. For the reasons that follow, we reverse and remand for further proceedings.

{¶2} In 2009, appellants filed an action against appellees alleging that Robert suffered injury and damages as a result of a fall that occurred at Scripts Nite Club, a bar owned and operated by Lucic Enterprises, Inc. Specifically, appellants alleged that one of appellees' employees pushed Robert to the floor, causing him injury, including a fractured ankle. Appellants asserted causes of action for negligence, intentional misconduct, and loss of services.

{¶3} Appellees subsequently filed a motion in limine contending that appellants failed to comply with Loc.R. 21.1, which requires that reports of medical and expert witnesses expected to testify be exchanged prior to trial. Appellees requested that appellants be prohibited at trial from presenting any expert evidence, medical or non-medical, concerning Robert's injuries. Appellants opposed the motion, asserting that all medical records, bills, and the treating physician's operative report were provided to appellees in the case that was previously dismissed and then refiled as the instant case.

{¶4} The trial court granted the motion, ordering that "[t]he Plaintiff is restrained from introducing into evidence any report, records or testimony relating to the proximate cause of the injuries allegedly suffered by the plaintiff(s) in this matter, as the plaintiff had failed to comply with Loc.R. 21.1, relating to expert witnesses."

{¶5} Prior to trial, appellees moved to dismiss the case, asserting that because the motion in limine was granted, appellants were precluded from presenting any evidence on proximate cause and therefore they would not be able to withstand their burden of proving an essential element of their negligence case. The trial court granted the motion and dismissed the case with prejudice.[1]

{¶6} Appellants appeal, raising two assignments of error.

{¶7} In their first assignment of error, appellants argue that the trial court abused its discretion in granting appellees' motion in limine.

{¶8} A motion in limine is essentially a request to limit or exclude evidence or testimony at trial. *State v. Winston*, 71 Ohio App.3d 154, 158, 593 N.E.2d 308 (8th Dist.1991). Therefore, the standard of review on appeal of the grant of a motion in limine is whether the trial court abused its discretion. *See State v. Graham*, 58 Ohio St.2d 350, 390 N.E.2d 805 (1979). "Abuse of discretion" means more than an error of law or of judgment and implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

---

[1] The case was dismissed with prejudice because appellants previously voluntarily dismissed their case, Case No. CV-683050.

{¶9} In a negligence action, the plaintiff must prove that the defendant owed a duty to the plaintiff, and that the defendant breached that duty, which proximately caused the injury to the plaintiff. *Strother v. Hutchinson*, 67 Ohio St.2d 282, 287, 423 N.E.2d 467 (1981).

{¶10} Proximate cause is defined as "an event that which in a natural and continuous sequence, unbroken by any new, independent cause, produces that event and without which the event would not have occurred." *Aiken v. Indus. Comm.*, 143 Ohio St. 113, 117, 53 N.E.2d 1018 (1944). "This definition encompasses a sense of 'but for' in that an original wrongful, or negligent act in a natural and continuous sequence produces a result that would not have taken place without the act." *Sabolik v. HGG Chestnut Lake Ltd. Partnership*, 180 Ohio App.3d 576, 2009-Ohio-130, 906 N.E.2d 488, ¶ 21 (8th Dist.), citing *Strother*. Accordingly, proximate cause is "that without which the accident would not have happened, and from which the injury or a like injury might have been anticipated." *Jeffers v. Olexo*, 43 Ohio St.3d 140, 143, 539 N.E.2d 614 (1989), quoting *Corrigan v. E.W. Bohren Transport Co.*, 408 F.2d 301, 303 (6th Cir.1968).

{¶11} In this case, appellees moved to prohibit or limit appellants from using or introducing any expert testimony, medical or non-medical, and from using or introducing into evidence any and all medical records and documents at trial because appellants failed to comply with Loc.R. 21.1.

{¶12} Loc.R. 21.1 of the Court of Common Pleas of Cuyahoga County, General Division, governs witnesses who are expected to be called to testify at trial. Part I,

expert witnesses, requires counsel to exchange the reports of medical and expert witnesses expected to be called at trial, and, provides that if a report has not been procured and exchanged, the witness may be excluded from testifying. Loc.R. 21.1(A) and (B). The rule also allows for the situation when the non-party expert witness is a treating physician; the trial court has the discretion to determine whether the hospital or office records satisfy the written report requirement. Loc.R. 21.1(C).

{¶13} On appeal, appellants contend that they were not required to provide medical expert testimony regarding Robert's broken ankle because it is common knowledge that if a person falls, a fractured ankle could occur.

{¶14} Whether the plaintiff is required to provide medical expert testimony regarding an injury depends on the causal connection between the injury and disability. In *Darnell v. Eastman*, 23 Ohio St.2d 12, 261 N.E.2d 114 (1970), the Ohio Supreme Court held:

> Except as to questions of cause and effect which are so apparent as to be matters of common knowledge, the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such opinion. In the absence of such medical opinion, it is error to refuse to withdraw that issue from the consideration for the jury. *Id.* at syllabus.

{¶15} The question presented to this court is whether the cause and effect of the injury was so apparent as to be a matter of common knowledge. "It is not always necessary to produce medical testimony to establish proximate cause between the injury and the harm claimed. In certain cases, the testimony of lay witnesses can be sufficient

to prove the causal relationship." *Davis v. Morton Thiokol, Inc.*, 11th Dist. No. 90-L-15-083, 1991 WL 230027 (Nov. 1, 1991). *See also Stacey v. Carnegie-Illinios Steel*, 156 Ohio St. 205, 101 N.E.2d 897 (1951).

{¶16} In *White Motor Corp. v. Moore*, 48 Ohio St.2d 156, 357 N.E.2d 1069 (1976), at paragraph two of the syllabus, the Ohio Supreme Court established the counterpoint to *Darnell*: "Where the issue of causal connection between an injury and the specific subsequent physical disability involves questions which are matters of common knowledge, medical testimony is not necessary in order to submit the case to the jury."

{¶17} In *White Motor*, the injury complained of was a bruised knee. The court concluded that the injury was allegedly caused when a truck frame fell from a dolly and landed on the employee, and it involved "little if any medical complexity," and therefore, did not require medical expert testimony to establish causation. *Id*. at 159-160. "Further, to argue that there is a dispute as to the occurrence of the injury itself is a matter of credibility of witnesses, not scientific certainty." *Id.* at 160.

{¶18} The Eleventh District, in interpreting *Darnell* and *White Motor* and considering the exact injury now before this court, held that a "broken ankle was a sufficiently understandable, observable, and comprehensible injury within the scope of common knowledge, and that an expert witness was not required." *Canterbury v. Skulina*, 11th Dist. No. 2000-P-0060, 2001 WL 1561479, *5 (Dec. 7, 2001).

{¶19} In this case, it is difficult to determine how an expert witness could be utilized to establish that the defendant's employee proximately caused the plaintiff's

injuries, including an ankle fracture. Much like in *White Motor*, whether the plaintiff's injury occurred at home or at a bar is outside the expertise of a medical professional and goes towards credibility of witnesses. Therefore, to exclude "any records, evidence, or testimony" concerning proximate cause was an abuse of discretion because a broken ankle is of common knowledge and no expert testimony is necessary.

{¶20} We find that the trial court abused its discretion in granting appellees' motion in limine. Although the motion was limited to precluding medical expert testimony and records, the trial court expanded appellees' request by prohibiting appellants from submitting any and all evidence or testimony concerning proximate cause. The use of medical expert testimony was not necessarily required to prove proximate cause in this case. Therefore, the sanction the trial court imposed against appellants for failing to comply with Loc.R. 21.1 was overbroad and erroneously deprived them from presenting any evidence of proximate cause.

{¶21} Accordingly, appellants' first assignment of error is sustained. Because the basis for dismissing appellants' case was due to the ruling on the motion in limine, we summarily sustain appellants' second assignment of error challenging the trial court's dismissal of the case.

{¶22} Judgment reversed and this cause is remanded for further proceedings consistent with the opinion herein.

It is ordered that appellants recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR