[Cite as *Meredith v. Alliance Castings Co., L.L.C.*, 2021-Ohio-2565.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ROBBIE MEREDITH | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| ALLIANCE CASTINGS | : | |
| COMPANY, LLC, ET AL. | : | Case No. 2020 CA 00143 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                                          Pleas, Case No. 2019 CV 00570

JUDGMENT:                                       Affirmed

DATE OF JUDGMENT:                       July 27, 2021

APPEARANCES:

For Plaintiff-Appellant                        For Defendants-Appellees

JOSEPH L. SCHIAVONI                    EDWARD D. MURRAY
87 Westchester Drive                        JAMES M. WILLIAMS
Youngstown, OH  44515                    ZACHARY M. SOEHNLEN
                                                          4775 Munson Street, NW
                                                          P.O. Box 36963
                                                          Canton, OH  43735-6963

                                                          THOMAS M. MCCARTY
                                                          State Office Building, 11th Floor
                                                          615 Superior Avenue
                                                          Cleveland, OH  44113

*Wise, Earle, J.*

{¶ 1} Plaintiff-Appellant, Robbie Meredith, appeals the September 1, 2020 judgment entry of the Court of Common Pleas of Stark County, Ohio, granting motions for judgment notwithstanding the verdict filed by Defendants-Appellees, Alliance Castings Company, LLC and Administrator, Bureau of Workers' Compensation.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On June 8, 2012, appellant was working for Alliance Castings Company LLC when she sustained an injury in the course of her employment. Appellant filed a workers' compensation claim which was allowed for sprain neck, sprain thoracic region, sprain lumbar region, focal disc herniation into neural foraminal right T7-T8, substantial aggravation of pre-existing moderate neuroforaminal narrowing right T7-T8, disc herniation at L4-L5, and radiculopathy at L4-L5.

{¶ 3} In 2018, appellant filed a claim for the additional allowance of substantial aggravation of pre-existing major depressive disorder, single episode, moderate course, comorbid with anxiety features. The claim was denied at the administrative level.

{¶ 4} On March 4, 2019, appellant filed an appeal with the Court of Common Pleas. A jury trial commenced on February 11, 2020. The jury found appellant was entitled to participate in the workers' compensation fund for the aforementioned condition.

{¶ 5} On March 17, 2020, appellees filed motions for judgment notwithstanding the verdict, arguing insufficient evidence to establish a pre-existing condition and therefore there was no condition from which to be substantially aggravated in the first instance. Further, appellees argued there was no evidence of objective diagnostic findings, objective clinical findings, or objective test results to demonstrate that the

claimed pre-existing condition was substantially aggravated. By judgment entry filed September 1, 2020, the trial court agreed and granted the motions.

{¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 7} "THE TRIAL COURT ERRED IN REVERSING THE VERDICT/FINAL DECISION OF THE TRIAL JURY WHICH DETERMINED THAT THE PLAINTIFF-APPELLANT WAS ALLOWED TO PARTICIPATE IN THE WORKERS' COMPENSATION ACT FOR THE CONDITION OF SUBSTANTIAL AGGRAVATION OF PRE-EXISTING MAJOR DEPRESSIVE DISORDER, SINGLE EPISODE, MODERATE COURSE, COMORBID WITH ANXIETY FEATURES."

I

{¶ 8} In her sole assignment of error, appellant claims the trial court erred in granting appellees' motions for judgment notwithstanding the verdict. We disagree.

{¶ 9} Civil Rule 50(B) governs motions for judgment notwithstanding the verdict ("JNOV"). In *Pariseau v. Wedge Products, Inc.,* 36 Ohio St.3d 124, 127, 522 N.E.2d 511 (1988), the Supreme Court of Ohio discussed the standard of review on a motion for JNOV as follows:

"The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for a directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is

made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions." *Posin v. A.B.C. Motor Court Hotel* (1976), 46 Ohio St.2d 271, 275, 74 O.O.2d 427, 430, 344 N.E.2d 334, 338. (Additional citations omitted.)

{¶ 10} Appellate review of a ruling on a motion for JNOV is de novo. *Midwest Energy Consultants, L.L.C. v. Utility Pipeline, Ltd.,* 5th Dist. Stark No. 2006CA00048, 2006-Ohio-6232.

{¶ 11} In order to participate in the workers' compensation fund, a claimant must show, "by a preponderance of the evidence, medical or otherwise, not only that his injury arose out of and in the course of his employment, but also that a direct or proximate causal relationship existed between his injury and his harm or disability." *White Motor Corp. v. Moore,* 48 Ohio St.2d 156, 357 N.E.2d 1069 (1976), paragraph one of the syllabus. Pursuant to R.C. 4123.01(C)(1) and (4), an "injury" does not include:

(1) Psychiatric conditions except where the claimant's psychiatric conditions have arisen from an injury or occupational disease sustained by that claimant or where the claimant's psychiatric conditions have arisen from sexual conduct in which the claimant was forced by threat of physical harm to engage or participate;

(4) A condition that pre-existed an injury unless that pre-existing condition is substantially aggravated by the injury. Such a substantial aggravation must be documented by objective diagnostic findings, objective clinical findings, or objective test results. Subjective complaints may be evidence of such a substantial aggravation. However, subjective complaints without objective diagnostic findings, objective clinical findings, or objective test results are insufficient to substantiate a substantial aggravation.

{¶ 12} In order to establish substantial aggravation, there first must be evidence of a pre-existing condition.

{¶ 13} In its September 1, 2020 judgment entry granting the motions for JNOV, the trial court found "insufficient evidence from which a reasonable person could conclude that Plaintiff had the particular condition being sought," and could not find "any objective diagnostic findings, objective clinical findings, or objective test results that Plaintiff suffered a substantial aggravation" of the claimed condition.

{¶ 14} In her appellate brief at 6, appellant argues the jury based its verdict in her favor on her own testimony, the written and video testimony of her medical expert, Lynn Ross DiMarzio, Ph.D., the report of Dr. Joseph Konieczny who evaluated her for social security disability, and the testimony of her daughter.

{¶ 15} Unfortunately, a transcript of the jury trial is not included in the record. In *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980), the Supreme Court of Ohio held the following:

The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See *State v. Skaggs,* 53 Ohio St.2d 162 (1978). This principle is recognized in App.R. 9(B), which provides, in part, that " * * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. * * *." When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. (Footnote omitted.)

{¶ 16} In order to review appellant's claimed assignment of error, that the trial court erred in granting the motions for JNOV, we must determine if the trial court erred in finding insufficient evidence to support the jury's verdict. Without a transcript, we have nothing to pass upon and this court has no choice but to presume the validity of the trial court's proceedings.

{¶ 17} Even accepting all of the claimed testimony set forth in appellant's appellate brief as true, we cannot find the trial court erred in granting the motions for JNOV. Appellant's medical expert, Dr. DiMarzio, testified via video deposition. A written copy of the deposition is attached to appellant's appellate brief. All parties refer to this deposition. Dr. DiMarzio saw appellant one time, in 2018, six years after her workplace injury, and never treated her. DiMarzio depo. at 29, 34-35. She opined appellant had a "depressive

disorder" in 2004, eight years prior to her workplace back injury. *Id.* at 17. In 2004, appellant's son had attempted suicide. Dr. DiMarzio based her opinion of depressive disorder in 2004 on the one 2018 visit, citing appellant's demeanor, how she was talking, crying, and "didn't want to talk about it." *Id.* at 16-17. Dr. DiMarzio never diagnosed appellant with having major depressive disorder, single episode, moderate course, comorbid with anxiety features in 2004. On the issue of substantial aggravation, when asked what objective finding she used to compare to, Dr. DiMarzio testified the "most objective finding was the fact that she was prescribed psychiatric medication, psychotropic medication" (Zoloft) back in 2004. *Id.* at 24. On cross-examination, Dr. DiMarzio agreed the prescription was not based on any long-standing treatment with a mental health professional, appellant could not recall the name of the prescribing doctor, she took it for less than thirty days, and it was possible appellant was never prescribed Zoloft, as she was taking appellant's word for it because there was no physical documentary evidence that she took anything. *Id.* at 38.

{¶ 18} Based upon the state of the record and our limited review, we find the trial court did not err in granting the motions for JNOV.

{¶ 19} The sole assignment of error is denied.

{¶ 20} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.

EEW/db