[Cite as *Siegel v. Morrison*, 2021-Ohio-2663.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| RICHARD W. SIEGEL | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| SARAH D. MORRISON, | : | Case No. 20CA000017 |
| ADMINISTRATOR, BUREAU OF | : | |
| WORKERS' COMPENSATION, ET AL. | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 18WC10-0281



JUDGMENT:                        Reversed and Remanded



DATE OF JUDGMENT:                August 3, 2021



APPEARANCES:

For Plaintiff-Appellant                    For Defendants-Appellees

HENRY A. ARNETT                            JOHN SMART
1335 Dublin Road                           30 East Broad Street
Suite 108-B                                15th Floor
Columbus, OH  43215                        Columbus, OH  43215

*Wise, Earle, J.*

{¶ 1}　Plaintiff-Appellant, Richard W. Siegel, appeals the October 14, 2020 decision of the Court of Common Pleas of Knox County, Ohio, finding in favor of Defendants-Appellees, Sarah D. Morrison, Administrator, Bureau of Workers' Compensation and Ohio Valley Automotive Supply LLC.

FACTS AND PROCEDURAL HISTORY

{¶ 2}　On June 11, 2013, appellant was working for Ohio Valley Automotive Supply LLC when he was involved in a motor vehicle accident in the course of his employment.　Appellant was struck from behind by another motorist.　The next day, appellant had an x-ray taken of his cervical area.　Appellant filed a workers' compensation claim which was allowed for "sprain neck."

{¶ 3}　On November 5, 2014, appellant filed a claim for the additional allowance of substantial aggravation of pre-existing bilateral foraminal stenosis C3-C4, substantial aggravation of pre-existing retrolisthesis C3-C4, substantial aggravation of pre-existing broad based osteophyte complex C6-C7, and substantial aggravation of pre-existing bilateral foraminal narrowing C6-C7.　By order dated January 8, 2015, a district hearing officer with the Industrial Commission denied the claim, citing insufficient evidence that the additional conditions were substantially aggravated by the motor vehicle accident.

{¶ 4}　Appellant filed an appeal and by order dated March 17, 2015, a staff hearing officer with the Industrial Commission disallowed the claim, finding appellant failed to prove a substantial aggravation with objective diagnostic findings, objective clinical findings, or objective test results.

{¶ 5}　Appellant filed an appeal and by order dated April 8, 2015, the Industrial Commission refused the appeal.

{¶ 6}  On October 19, 2018, appellant refiled a complaint with the Court of Common Pleas, appealing the decision of the Industrial Commission (a previous appeal filed in 2015 had been voluntarily dismissed).  A bench trial was held on January 14, 2020.  The trial court permitted the parties to file post-trial briefs.  By decision and entry filed October 14, 2020, the trial court found in favor of appellees, determining appellant "failed to satisfy his burden of proof, through competent expert medical testimony, to a reasonable degree of medical certainty, that each of his alleged conditions pre-existed his date of accident and that each was substantially aggravated by the accident."

{¶ 7}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 8}  "THE COURT OF COMMON PLEAS ERRED IN RENDERING JUDGMENT FOR DEFENDANTS AND NOT RENDERING JUDGMENT IN FAVOR OF PLAINTIFF AND ALLOWING SUBSTANTIAL AGGRAVATION OF PRE-EXISTING BILATERAL FORAMINAL STENOSIS C3-C4, SUBSTANTIAL AGGRAVATION OF PRE-EXISTING RETROLISTHESIS C3-C4, SUBSTANTIAL AGGRAVATION OF PRE-EXISTING BROAD BASED OSTEOPHYTE COMPLEX C6-C7, AND SUBSTANTIAL AGGRAVATION OF PRE-EXISTING BILATERAL FORAMINAL NARROWING C6-C7 AS ADDITIONAL CONDITIONS IN PLAINTIFF'S WORKERS COMPENSATION CLAIM."

II

{¶ 9}  "THE COURT OF COMMON PLEAS ERRED IN SUSTAINING DEFENDANT'S OBJECTION TO THE LACK OF FOUNDATION OF DR. FERRARO'S MEDICAL OPINION."

{¶ 10} We will address Assignment of Error II first as we find it to be dispositive of this appeal.

II

{¶ 11} In his second assignment of error, appellant claims the trial court erred in sustaining appellee's objection to the lack of foundation for the medical opinion of his expert, James Ferraro, M.D.  We agree.

{¶ 12} The admission or exclusion of evidence lies in a trial court's sound discretion "so long as such discretion is exercised in line with the rules of procedure and evidence."  *Rigby v. Lake County*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991); *State v. Sage,* 31 Ohio St.3d 173, 510 N.E.2d 343 (1987).  In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 13} In order to participate in the workers' compensation fund, a claimant must show, "by a preponderance of the evidence, medical or otherwise, not only that his injury arose out of and in the course of his employment, but also that a direct or proximate causal relationship existed between his injury and his harm or disability." *White Motor Corp. v. Moore,* 48 Ohio St.2d 156, 357 N.E.2d 1069 (1976), paragraph one of the syllabus.  Pursuant to R.C. 4123.01(C)(4), an "injury" does not include:

> A condition that pre-existed an injury unless that pre-existing condition is substantially aggravated by the injury.  Such a substantial aggravation must be documented by objective diagnostic findings, objective clinical findings, or objective test results.  Subjective complaints

may be evidence of such a substantial aggravation.  However, subjective complaints without objective diagnostic findings, objective clinical findings, or objective test results are insufficient to substantiate a substantial aggravation.

{¶ 14} In order to establish substantial aggravation, there first must be evidence of a pre-existing condition.

{¶ 15} Appellant presented the testimony of his medical expert, Dr. Ferraro, via deposition.  Dr. Ferraro examined appellant for the first time in March 2014, nine months after the accident.  Ferraro depo. at 12, 15, 18.  On direct examination, Dr. Ferraro was asked for his medical opinion, based on a reasonable degree of medical certainty, on the substantial aggravation of the four claimed pre-existing conditions. Appellee objected to the questions citing lack of foundation, arguing "Plaintiff presented no medical evidence supporting any [condition that] pre-existed the date of the accident. There is no evidentiary foundation to ask the question and Dr. Ferraro has testified that he does not know the condition of Seigel's (sic) neck prior to the accident."  Objection Log filed March 2, 2020.

{¶ 16} In its decision and entry filed November 12, 2020, the trial court sustained the objection, stating the following:

Defendant's objections to lack of foundation for Dr. Ferraro's medical opinion about the condition of Mr. Siegel's neck prior to the accident are sustained (Ferraro Deposition at 37 line 18, 38 line 11, 40 line 8, 40 line 18, 41 line 14).  Dr. Ferraro's first examination of the Plaintiff

was on March 27, 2014, approximately 9 months after the accident (Ferraro Deposition, at 43).

{¶ 17} A review of the cited deposition lines relative to the stated objection is in order.

{¶ 18} The question posed on page 37 is the same question asked on page 38. The objected to exchange at page 38 at line 11 is as follows:

Q. Yeah.  Do you have an opinion though as to whether or not there was reasonable medical certainty, in your mind, in your opinion, of a substantial aggravation, pre-existing bilateral foraminal stenosis of C3-C4?

A. I have an opinion.

Q. And what is that?

A. And the opinion is that it - -

MR. SMART: Objection.

A. Is it's related to the progression of the initial - -

Q. Okay.

A. - - injury.

{¶ 19} The objected to exchange at page 40 at line 8 is as follows:

Q. Okay.  So it was your - - what is your opinion then?  Was - - was there a substantial aggravation of pre-existing retrolisthesis?

MR. SMART: Objection.

A. I have an opinion, and it is yes.

{¶ 20} The objected to exchange at page 40 at line 18 is as follows:

Q. Okay.  Do you have an opinion that you can state with reasonable medical certainly (sic) as to whether the motor vehicle action (sic) of June 11, 2013, resulted in a substantial aggravation of pre-existing broad based osteophyte complex at C6-C7?

A. I would expect that the injury of previously a C3, 4, 5, 6 and 6-7 would - -

MR. SMART: Objection.

A. - - exaggerate or enhance the chances of the compression we see below.

Q. So is your opinion that there was a substantial aggravation in it?

A. Yes.

{¶ 21} The objected to exchange at page 41 at line 14 is as follows:

Q. Okay.  And then there's another condition that is allowed, that's an issue in this case; and that is a substantial aggravation of pre-existing bilateral foraminal narrowing at C6-C7.  And I'd like to know if you have an opinion that you can state with reasonable medical certainty as to whether the June 11, 2013, motor vehicle accident substantially aggravated that condition.

A. I have an opinion, and my opinion is: Yes, it aggravated it.

Q. Okay.

MR. SMART: Objection.

{¶ 22} The testimony objected to pertained to Dr. Ferraro's opinion on substantial aggravation, not pre-existing conditions of appellant's neck. Those are two distinct considerations. In sustaining appellee's objections, the trial court effectively erased appellant's expert's opinions on substantial aggravation.

{¶ 23} Prior to the objected to testimony, Dr. Ferraro testified he first saw appellant in March 2014 and his personal notes indicate x-rays were taken the day after the accident of C3-C4, "[a]nd there's a retrolisthesis mentioned, which is a degeneration between the boning body so that the one vertebrae will slide over the other in a posterior direction compressing the center of the canal and creating nerve impingement." *Id.* at 18-19, 25. Also, Dr. Ferraro's personal notes "mentioned a diagnosis on the x-ray was degenerative disk disease, C3-4, C5-6 and C6-7." *Id.* at 19. Plaintiff's Exhibit B, introduced during Dr. Ferraro's direct testimony, is a report of the x-rays taken of appellant's neck the day after the accident. The report states the following:

FINDINGS: There is a mild retrolisthesis of C3 over C4 with narrowing of the C3-C4, C5-C6 and C6-C7 disc spaces. There are no acute fractures or dislocations. The prevertebral soft tissue are normal.

IMPRESSION: Mild intervertebral osteochondrosis at C3-C4, C5-C6 and C6-C7. There are no fractures. There is a mild retrolisthesis of C3 over C4.

{¶ 24} The report of the objective test (x-rays) taken the day after the accident was introduced prior to the objected to testimony and indicates, at a minimum, pre-existing retrolisthesis, narrowing, and osteochondrosis. Dr. Ferraro based his opinion of pre-existing conditions on this report.

{¶ 25} Interestingly, even appellee's medical expert, John Wolfe, M.D., admitted that based upon the June 2013 report, "[i]n all likelihood," appellant had "mild retrolisthesis at C3 over C4 and some degenerative changes" referred to as "osteochondrosis" prior to the accident. Wolfe depo. at 35-36.

{¶ 26} We find appellant presented medical evidence to support conditions that pre-existed the date of the accident prior to the objected to testimony. Therefore, appellant laid a sufficient foundation for the questions and answers on substantial aggravation.

{¶ 27} Upon review, we find the trial court abused its discretion in sustaining the objection on foundation to render an opinion. The trial court should have considered Dr. Ferraro's opinions in rendering a decision.

{¶ 28} Assignment of Error II is granted. Assignment of Error I is moot.

{¶ 29} The judgment of the Court of Common Pleas of Knox County, Ohio is hereby reversed, and the matter is remanded to said court to consider the objected to opinion testimony of Dr. Ferraro and issue a new decision.

By Wise, Earle, J.

Gwin, P.J. and

Wise, John, J. concur.

EEW/db