[Cite as *Gibson v. Ohio Dept. of Rehab. & Corr.*, 2022-Ohio-1821.]

| | |
|---|---|
| REGINALD GIBSON | Case No. 2019-01160JD |
| Plaintiff | Judge Patrick E. Sheeran |
| v. | <u>JUDGMENT ENTRY</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

**{¶1}** Pursuant to Civ.R. 53(D)(3)(b), Plaintiff filed objections to the magistrate's February 11, 2022 decision. For the reasons set for below, the Court OVERRULES Plaintiff's objections and adopts the magistrate's decisions as its own.

**Standard of Review**

**{¶2}** Civ.R. 53(D)(4)(b) provides that, "[w]hether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification." However, when a party files objections to a magistrate's decision, the court "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues, and appropriately applied the law." Civ.R. 53(D)(4)(d). In reviewing the objections, the court does not act as an appellate court but rather conducts "a de novo review of the facts and conclusions in the magistrate's decision." *Ramsey v. Ramsey*, 10th Dist. Franklin No. 13AP-840, 2014-Ohio-1921, ¶ 17 (internal citations omitted).

**Background**

**{¶3}** Plaintiff is an inmate in the custody and control of Defendant at Allen-Oakwood Correctional Institution (AOCI). On August 15, 2018, Plaintiff's cellmate, Byron Harrington, aggressively approached Plaintiff in the cell they shared, grabbed his leg, and pulled him off his bed in the top bunk, and a fight ensued. On multiple occasions prior to

the fight, Plaintiff alerted AOCI staff about ongoing hostility between he and Harrington and requested to be moved to a different cell.  On the day of the incident, Plaintiff again alerted AOCI staff that the situation between he and Harrington was volatile.  Moreover, Harrington had a history of hostility with other inmates and staff.

{¶4} As a result of the altercation, Plaintiff sustained a bump on his head, an abrasion to his left shoulder, a small laceration on his right shoulder and a scratch on his abdomen, as well as temporary pain and discomfort from these injuries.  Plaintiff was examined immediately after the assault and his injuries were seemingly superficial.  Included in his medical evaluation, Plaintiff had an x-ray of his skull performed and the radiological report found no fractures or otherwise remarkable injuries to his skull.

{¶5} Soon thereafter, Plaintiff sought and received treatment for migraine headaches.  Plaintiff continued to receive treatment for migraine headaches following his release from Defendant's custody and maintains that he experiences ongoing migraine headaches for which he takes prescribed medication.  Additionally, Plaintiff has a medical history that predates the fight, which includes pulmonary tuberculosis, hyperlipidemia, other chronic pain, and lipoma.

{¶6} Plaintiff filed a complaint against Defendant seeking to recover damages for injuries sustained as a result of the altercation with Harrington.  The case proceeded to trial before a magistrate on the issues of liability and damages.  Based on the evidence presented at trial, the magistrate found that Harrington assaulted Plaintiff and Defendant had constructive notice of the impeding assault.  Despite the greater weight of the evidence establishing that Plaintiff suffers from migraine headaches, the magistrate found that Plaintiff did not establish that Harrington's assault caused them.  However, the magistrate found that the assault caused Plaintiff some temporary injuries that, while minor in nature, did involve pain and discomfort.  In recommending judgment in favor of Plaintiff, the magistrate valued Plaintiff's injuries at $1,000.00.

{¶7} Plaintiff argues the magistrate erred when he (1) denied Plaintiff's motion to compel; (2) found that Plaintiff's injuries were temporary and minor, (3) opined that Plaintiff's testimony regarding the cause of his migraine headaches was entitled to minimal weight, (4) concluded that Plaintiff failed to prove that Harrington's assault caused his migraines; and (5) valued Plaintiff's injuries at $1,000.00.

**Discussion**

{¶8} Initially, the Court rejects Plaintiff's assertion that the magistrate erred when he denied Plaintiff's motion to compel. While Plaintiff argues the magistrate issued his trial decision without all the evidence that Plaintiff could have presented had the magistrate granted this motion to compel, Plaintiff needed to seek to set aside the magistrate's ruling on said motion within ten days of its filing, which he failed to do. *See* Civ.R. 52(D)(2)(b). Consequently, the Court finds no error in the magistrate's decision on this basis.

{¶9} Additionally, Plaintiff objects to some of the magistrate's factual findings. However, objections must be supported "by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if the transcript is not available." Civ.R. 53(D)(3)(b)(ii)-(iii). Plaintiff did not provide a transcript of the evidence to support his objections or an affidavit of evidence. When an objecting party fails to properly support his objections with a transcript or affidavit, "the trial court must accept the magistrate's factual findings and limit its review to the magistrate's legal conclusions." *Triplett v. Warren Corr. Inst.*, 10th Dist. Franklin No. 12AP-728, 2013-Ohio-2743, ¶ 13. Consequently, the Court accepts the magistrate's factual findings as true and restricts its consideration of Plaintiff's objections to a review of the magistrate's legal conclusions.

{¶10} A review of the magistrate's legal conclusions reveals that he neither erred in concluding that Plaintiff did not establish that Harrington's assault caused his ongoing migraine headaches nor when he valued Plaintiff's injuries at $1,000.00. Indeed, Plaintiff's migraine headaches being subjective in nature and not easily understood

require expert testimony to establish that Harrington's attack caused them. *See Argie v. Three Little Pigs, Ltd.*, 10th Dist. Franklin No. 11AP-437, 2012-Ohio-667, ¶ 15 (Subjective, internal injuries, which are elusive in nature and not observable, require expert testimony to establish causation). Though Plaintiff attempts to rely on the common-knowledge doctrine, the Court finds that it does not apply to the nature of Plaintiff's injuries. *See White Motor Corp. v. Moore*, 48 Ohio St.2d 156, 158, 357 N.E.2d 1069 (1976) ("Where the issue of causal connection between an injury and the specific subsequent physical disability involves questions which are matters of common knowledge, medical testimony is not necessary in order to submit the case to the jury.").

{¶11} Additionally, the Court finds no error in the magistrate's damages award. Generally, "the appropriate measure of damages in a tort action is the amount which will compensate and make the plaintiff whole." *N. Coast Premier Soccer, LLC v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 12AP-589, 2013-Ohio-1677, ¶ 17. However, a party is not automatically entitled to an award of damages in an amount the party requests. *See White v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 12AP-927, 2013-Ohio-4208, ¶ 18. Although "no specific yardstick, or mathematical rule exists for determining pain and suffering," a court may consider "awards given in comparable cases as a point of reference." *Hohn v. Ohio Dept. of Mental Retardation & Developmental Disabilities*, 10th Dist. Franklin No. 93AP-106, 1993 Ohio App. LEXIS 6023, 10-11 (Dec. 14, 1993). However, the Court is not required to provide specific authority to support the reasonableness of a pain and suffering award because, ultimately, the Court "must evaluate each case in light of its own particular facts." *Id.* at 10. Indeed, there is "no substitution for simple human evaluation" when determining damages. *Fantozzi v. Sandusky Cement Prods. Co.*, 64 Ohio St.3d 601, 612, 597 N.E.2d 474 (1992).

{¶12} Upon review, the Court finds no basis to modify the magistrate's award of damages. *See Siegel v. State*, 28 N.E.3d 612, 2015-Ohio-441, ¶ 12 (10th Dist.) (While the trial court must reach its own conclusions, it may "appropriately give weight to the

magistrate's assessment of witness credibility in view of the magistrate's firsthand exposure to the evidence".).  Although it is evident that the Plaintiff suffers from ongoing migraine headaches, the record lacks evidence sufficient to support a finding that the attack proximately caused them.  Moreover, the evidence presented does not support a finding that Plaintiff has continued to and will continue to suffer from any long term or permanent injuries as a result of the attack.  The Court disagrees with Plaintiff's position that all of his alleged damages can be assessed on credibility and common knowledge alone.

{¶13} For the reasons stated above, the Court finds the magistrate properly determined the factual issues and appropriately applied the law in this case.  Accordingly, the Court adopts the magistrate's decision and recommendation as its own.  Judgment shall be rendered in favor of Plaintiff in the amount of $1,000.00.  Court costs are assessed against defendant.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK E. SHEERAN
Judge

**Filed April 22, 2022**
**Sent to S.C. Reporter 5/31/22**