OPINION
{¶ 1} Plaintiff-appellant, Erin A Wright ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas granting a directed verdict in favor of defendants-appellees, Administrator, Bureau of Workers' Compensation and the City of Columbus (collectively "appellees"). Appellant filed an appeal to the common pleas court after her claim to participate in the state workers' compensation fund for the conditions of cervical and thoracic strain was denied.
 {¶ 2} On March 21, 2002, appellant filed a written accident report alleging that she sustained an injury while acting in the course and scope of employment as a public health nurse for the City of Columbus. Specifically, appellant alleged that she was forcibly pushed by her supervisor, Isabella Treece ("Treece"), which resulted in neck and back pain to appellant, and caused appellant to seek medical treatment from the emergency facilities at Mount Carmel West Hospital. Appellant was diagnosed at the emergency room with acute cervical and thoracic strain. Treece's version of events from the morning of March 21, 2002, differs in that she denies ever pushing appellant.
 {¶ 3} Appellant filed a claim for workers' compensation benefits, and the Bureau of Workers' Compensation ("Bureau"), denied her claim on April 19, 2002. On appeal, a district hearing officer ("DHO"), for the Ohio Industrial Commission ("commission"), reversed the Bureau's decision and allowed the claim for thoracic and cervical strain, finding that appellant sustained an injury in the course and scope of employment. Thereafter, the defendant-employer filed an appeal to a staff hearing officer ("SHO") for the commission. The SHO reversed the order of the DHO finding that appellant had failed to prove by a preponderance of the evidence that she sustained an injury while in the course and scope of employment. After the commission issued an order refusing to hear appellant's appeal pursuant to R.C. 4123.511(E), appellant filed an appeal with the Franklin County Court of Common Pleas. Said appeal was voluntarily dismissed on December 1, 2003, and refiled on February 26, 2004.
 {¶ 4} A jury trial in this matter commenced on March 21, 2005. Appellant presented her case-in-chief, testifying on her own behalf and calling Treece, as if on cross-examination. Appellant did not introduce any expert medical testimony with respect to the proximate cause of her injury, but rather relied on her own testimony. After appellant presented her case-in-chief, appellees moved for a directed verdict pursuant to Civ.R. 50, arguing that appellant had failed to introduce expert medical testimony, not only to substantiate her injuries, but also to establish a causal connection between the alleged injury and the alleged March 21, 2002 incident. After hearing oral arguments on the issue, the trial court agreed that expert medical testimony was required, and granted a directed verdict in favor of appellees. A judgment entry reflecting the trial court's decision was filed on April 5, 2005. This appeal followed.
 {¶ 5} On appeal, appellant raises the following two assignments of error:
The court of common pleas erred when it granted defendant's (sic) motion for a directed verdict because plaintiff, through her testimony, demonstrated a causal relationship between her injury and subsequent physical disability and, therefore, expert testimony was uneccessary (sic).
The court of common pleas erred when it granted defendant's motion in limine where the record failed to disclose that the defendant's complied with civil rule 37(E).
 {¶ 6} A motion for directed verdict will be granted only after construing the evidence most strongly in favor of the party against whom the motion is directed and finding that, upon any determinative issue, reasonable minds could only reach a conclusion adverse to such party. Swiggum v. Ameritech Corp.
(Sept. 30, 1999), Franklin App. No. 98AP-1031. The court does not engage in a weighing of the evidence or evaluate the credibility of witnesses. Rather, the issue is solely a question of law and we review the trial court's grant of a directed verdict de novo.Albaugh v. City of Columbus, Franklin App. No. 02AP-687, 2003-Ohio-1328, citing Titanium Industries v. S.E.A., Inc.
(1997), 118 Ohio App.3d 39. Thus, the question before us, is did appellant present sufficient material evidence at trial to establish a causal connection between the alleged industrial injury of March 21, 2002, and the conditions of thoracic and cervical strain. We hold that she did not.
[I]n order to establish a right to workmen's compensation for harm or disability claimed to have resulted from an accidental injury, it is necessary for the claimant to show by a preponderance of the evidence not only that his injury arose out of and in the course of his employment but that a direct or proximate causal relationship existed between his accidental injury and his harm or disability; and where medical evidence is necessary to establish such relationship, that evidence must show that his accidental injury was or probably was a direct or proximate cause of the harm or disability. * * *
Fox v. Industrial Comm. (1955), 162 Ohio St. 569, 576.
Except as to questions of cause and effect which are so apparent as to be matters of common knowledge, the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such opinion. In the absence of such medical opinion, it is error to refuse to withdraw that issue from the consideration of the jury.
Darnell v. Eastman (1970), 23 Ohio St.2d 13, syllabus.
 {¶ 7} In support of their respective positions, the parties have cited a number of cases from various Ohio appellate districts that have interpreted Darnell, and the above-quoted language. However, this court recently had an occasion to explore the holding of Joseph B. Dixon et al. v. Miami University,
Franklin App. No. 04AP-1132, 2005-Ohio-6499.
 {¶ 8} In Dixon, the plaintiff was injured while attempting to place cables on the campus of Miami University in order to televise a sporting event being held on campus. The plaintiff, Dixon, sustained injuries when he fell into a large pit that was not marked by any type of warning as to its existence. Dixon suffered multiple injuries as the result of the fall, including an injury to his right arm and elbow, which required multiple surgeries to repair. Six months following relatively normal use of his arm, and 12 months after the second surgery, Dixon developed a severe staph infection at the surgical site, which required an additional surgery and months of follow-up care. At trial, Dixon was awarded damages for all three surgeries, including the last surgery to treat the staph infection. On appeal, the defendant argued that it was error to award damages for injuries about which there was no medical testimony regarding the injuries' proximate cause. Specifically, the defendant argued that expert testimony was necessary to prove the requisite causal connection between Dixon's original injuries and the staph infection that required additional treatment.
 {¶ 9} This court held that based on the evidence, Dixon's staph infection was "not internal and elusive, and was sufficiently observable, understandable and comprehensible by the trier of fact, such that the question of the causal connection between the infection and [the defendant's] negligence was not peculiarly within the scope of expert scientific inquiry." Id. at ¶ 47. In so holding, this court reviewed a number of cases, including Gibbs v. General Motors Corp. (Mar. 27, 1987), 11th Dist. No. 3625, which the trial court relied on in the present case to grant appellees' motion for directed verdict.
 {¶ 10} In Gibbs, an employee sought the right to participate in the state workers' compensation system for a strain/sprain of the low back allegedly caused by the employee's duties of lifting and carrying a 15-20 pound automobile part. Gibbs was the only one to testify regarding his injury. The court of appeals determined that expert medical testimony was required to prove the causal link between Gibbs' employment and his injury. The court noted that the "injury sustained by [Gibbs] was internal and elusive in nature, unaccompanied by any observable external evidence." The court further explained:
It is when the internal complexities of the body are at issue, that we generally initiate the metamorphasis (sic) in the evidential progression where medical testimony moves from the pale of common knowledge matters and within layman competency where expert testimony is not required, to those areas where such testimony is more appropriate and indeed most necessary for the trier of fact to understand the nature and cause of the injuries alleged.
Id.
 {¶ 11} The court in Gibbs distinguished the facts of its case from White Motor Corp. v. Moore (1976), 48 Ohio St.2d 156, in which the Supreme Court of Ohio held that an employee's bruised knee, allegedly caused when a truck frame fell from a dolly and landed on the employee, involved "little if any medical complexity," and therefore, did not require expert medical testimony to establish causation. Id. Later, in Davis v. MortonThiokol, Inc. (Nov. 1, 1991), 11th Dist. No. 90-L-15-083, the eleventh district held that expert testimony was required to prove the requisite causal connection between an employee's fall and a claim of low back strain.
 {¶ 12} More recently, the eleventh district decidedCanterbury v. Skulina, (Dec. 7, 2001), 11th Dist. No. 2000-P-0060, which held that expert medical testimony was not required to establish a causal connection between the plaintiff's injuries and the defendant's negligence. Appellant suggests thatCanterbury represents the eleventh district's "retreat" from the rationale and holdings contained in Davis and Gibbs.
 {¶ 13} In Canterbury, the plaintiff slipped on wet grass in her own yard while running away from her neighbor's dogs. The plaintiff fractured her right ankle, which required surgical repair, including the installation of plates and screws. On appeal, the defendant argued that the trial court erred in denying the motion for directed verdict after the plaintiff failed to present expert medical testimony regarding the causal connection between her injuries and her neighbor's negligence. The court, relying on Davis, White Motor, and Gibbs, held that a broken ankle is a sufficiently understandable, observable, and comprehensible injury within the scope of common knowledge and, therefore, an expert witness was not required. Id.
 {¶ 14} We find, contrary to appellant's suggestion, that Canterbury is not a "retreat' from the eleventh district's previous holdings, but rather is a reiteration of the rationale that for injuries that are "internal and elusive in nature", and "unaccompanied by any observable external evidence," expert medical testimony is required to establish the proximate cause of the injury.
 {¶ 15} Further in support of her position that the causal connection between her employment incident and her injury is a matter of common knowledge and does not require expert medical testimony on the issue of causation, appellant relies on Kellyv. Connor (Apr. 9, 1984), Licking App. No. CA 2981. In Kelly,
the employee sought benefits pursuant to Ohio's workers' compensation program. The employee alleged that she sustained a work-related injury, namely severe strain to the neck, shoulder and back areas as the result of pushing and pulling material laden trucks weighing in excess of 500 pounds. The trial court found that there was a lack of admissible expert medical testimony to establish a causal relationship between the alleged incident and the claimant's injuries, and therefore, the trial court granted the employer's motion for directed verdict. On appeal, the appellate court reversed, finding that the case presented a situation in which the severe strain was the result of moving heavy objects, and that it is a matter of common knowledge that people often suffer strained muscles as the result of this kind of activity, and therefore, it was not the type of case that absolutely requires expert medical testimony on the issue of causation.
 {¶ 16} We note, however, that while Kelly does render support in appellant's favor, the fifth district more recently decided Dean v. West (Sept. 14, 2000), Licking App. No. 00CA00014, which holds contrary to Kelly. In Dean, the plaintiff allegedly sustained injuries in an automobile collision. The defendant in Dean admitted his negligence, therefore, the only issue regarding the plaintiff's alleged injuries related to proximate cause. The plaintiff did not present any expert medical testimony regarding causation and instead relied on his own testimony to establish a causal link between the accident and the injuries. The trial court granted the defendant's motion for a directed verdict. On appeal, the appellate court affirmed the trial court's decision to grant the directed verdict, finding that the plaintiff's physical injuries, i.e., alleged soreness through the rib area, restrictive movements, and loss of sleep, are not so apparent as to be matters of common knowledge. Therefore, the plaintiff was required to present expert medical testimony in support of his claim. Because he did not, the appellate court held that a directed verdict in the defendant's favor was appropriate.
 {¶ 17} Given the holding in Dean, we find that the status of requiring expert medical testimony to establish proximate cause of injury in the fifth district is not as clear cut as appellant would suggest, especially when considering subjective, soft tissue type injuries like those present in the case sub judice. Regardless, however, neither Kelly, nor Dean, is binding on this court, and we find that this court's reasoning inDixon, supra, is dispositive.
 {¶ 18} As is evident from the Dixon opinion, this court focused on the type of injury that was present. Specifically, this court determined that Dixon's staph infection "was not internal and elusive," and "was sufficiently observable, understandable and comprehensible by the trier of fact." Id. at ¶ 47. See also, Maney v. Jernejic (Nov. 16, 2000), Franklin App. No. 00AP-483 (finding that the plaintiff's injuries sustained in a rear-end collision were soft tissue injuries, which are internal injuries that do not usually produce any observable external injuries, therefore, expert medical testimony was required to establish a causal connection between the accident and the injuries).
 {¶ 19} In the case before us, appellant's alleged injuries consist of pain to the neck and back were allegedly sustained when she was pushed by her supervisor. Upon review of the record as a whole, we find that appellant's alleged injuries are internal and elusive, and are not sufficiently observable, understandable, and comprehensible by the trier of fact such that the question of the causal connection between the alleged employment incident and the alleged injuries are peculiarly within the scope of expert scientific inquiry. Because expert medical testimony was required to establish proximate cause of the alleged injury in this instance, and because appellant did not present any expert medical testimony with respect to this issue, but rather relied on her own testimony, we find that the trial court did not err in granting appellees' motion for directed verdict. Accordingly, appellant's first assignment of error is overruled.
 {¶ 20} In her second assignment of error, appellant argues that the trial court abused its discretion by granting appellee's motion in limine to preclude appellant from introducing any evidence concerning treatment records prepared by appellant's expert, Rao Lingam, M.D. While these records were the topic of a preliminary motion in limine filed by appellees, appellant fails to direct this court's attention to the portion of the trial record at which appellant moved the court to admit this evidence, or the portion of the record at which point the trial court made a ruling excluding it. Thus, whether the trial court committed reversible error in granting appellee's motion in limine is not properly before this court, as appellant did not contemporaneously seek introduction of such records, or of Lingam's testimony at trial.
 {¶ 21} Ohio law is clear that a ruling on a motion in limine may not be appealed and that arguments relating to such must be made during the trial to preserve evidentiary rulings for appellate review. Gable v. Village of Gates Mills,103 Ohio St.3d 449, 2004-Ohio-5719. As explained at length in State v.Grubb (1986), 28 Ohio St.3d 199:
A "motion in limine" is defined in Black's Law Dictionary (5 Ed. 1979) 914, as "[a] written motion which is usually made before or after the beginning of a jury trial for a protective order against prejudicial questions and statements * * * to avoid injection into trial of matters which are irrelevant, inadmissible and prejudicial[,] and granting of [the] motion is not a ruling on evidence and, where properly drawn, granting of [the] motion cannot be error. * * *
Id. at 200-201. (Citations omitted.)
 {¶ 22} The court in Grubb noted that although the motion receives widespread use in Ohio courts, it is frequently misused and misunderstood. Citing State v. Spahr (1976),47 Ohio App.2d 221, the Grubb court stated:
"As related to trial, a motion in limine is a precautionary request, directed to the inherent discretion of the trial judge, to limit the examination of witnesses by opposing counsel in a specified area until its admissibility is determined by the court outside the presence of the jury." The power to grant the motion is not conferred by rule or statute, but instead lies within the inherent power and discretion of a trial court to control its proceedings. Id. at 224. Riverside Methodist Hosp. Assn. v.Guthrie, supra, at 310. See, also, Evid. R. 103(A) and 611(A). The function of the motion as a precautionary instruction is to avoid error, prejudice, and possibly a mistrial by prohibiting opposing counsel from raising or making reference to an evidentiary issue until the trial court is better able to rule upon its admissibility outside the presence of a jury once the trial has commenced. * * *
Grubb, paragraph one of the syllabus.
 {¶ 23} "Clearly, at trial, the party challenging a preliminary ruling must either seek the introduction of the evidence at the appropriate time, or make a timely objection to its introduction in order to enable the court to make a final determination as to its admissibility. This action is also required to preserve any objection on the record for purposes of appeal." Krotine v. Neer, Franklin App. No. 02AP-121, 2002-Ohio-7019, citing Grubb, supra.
 {¶ 24} In this case, the record is devoid of any indication that appellant sought introduction of Dr. Lingam's records, or Dr. Lingam's testimony concerning such records at trial. Additionally, the record in devoid of any final ruling by the court during trial regarding the admissibility of the disputed evidence. Consequently, we find that appellant failed to preserve this alleged error for appellate review, and appellant has waived all but plain error. Pleasant v. EMSA Correctional Care, Inc.,
Franklin App. No. 03AP-1161, 2004-Ohio-4554. "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error seriously affects the basis fairness, integrity, or public reputation of the judicial process itself. Id., quoting Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus. A review of the case before us reveals nothing that rises to the level of plain error. Accordingly, we overrule appellant's second assignment of error.
 {¶ 25} For the foregoing reasons, we overrule appellant's two assignments of error, and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Petree and Klatt, JJ., concur.