[Cite as *Mustin v. Dept. of Rehab. & Corr.*, 2020-Ohio-4316.]

| | |
|---|---|
| KEITH MUSTIN | Case No. 2018-01399JD |
| Plaintiff | Magistrate Scott Sheets |
| v. | <u>DECISION OF THE MAGISTRATE</u> |
| DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} Plaintiff is an inmate in defendant's custody at the Marion Correctional Institution (MCI). Plaintiff seeks recovery for injuries to his wrist, knee and back that he alleges were sustained while working in MCI's cafeteria in 2017. In addition to money damages, plaintiff seeks declaratory and injunctive relief.

{¶2} The case proceeded to trial at MCI. In addition to plaintiff, inmates Michael Erskine, Anthony Lewis, Jason Knapp, David Napier, Edwin Coleman, and Felipe Alvarado testified at trial. Several of defendant's employees also testified. Correctional officer Stephen Mclane, operational compliance manager Michelle Turner, safety officer Steve Hartford, and healthcare administrator Tara Rees also testified at trial. For the following reasons, the magistrate finds that plaintiff failed to prove his claims and recommends judgment in defendant's favor.

**Findings of Fact**

{¶3} In 2017, plaintiff worked in MCI's cafeteria. His job duties included keeping large plastic beverage containers known as cambros stocked with different types of beverages and/or ice. Plaintiff's job duties required him to fill the cambros, transport them on carts, and lift them onto tables in the cafeteria. Exhibit 6 describes plaintiff's job position and plaintiff and others testified to the job's basic requirements. Exhibit A depicts a cambro.

{¶4} When fully loaded with ice and water, one of these cambros weighs 106 pounds. Lifting the containers often requires two people. The parties stipulated to the weight of the containers when fully loaded and multiple witnesses testified it often takes two people to lift the containers.

{¶5} Though plaintiff worked the beverage position alone, help was readily available as inmate cafeteria workers frequently helped each other. Plaintiff had asked for and received help with lifting the containers. Every inmate as well as Mclane testified to these facts. In particular, the magistrate found inmate Alvarado's testimony very credible. He had extensive experience and offered detailed testimony.

{¶6} After he complained about pain in his back and/or wrist, plaintiff's job was changed to a job involving transporting carts of pots and pans. Plaintiff has an extensive history of back injuries and/or pain in his back going back to 1995, when he hurt his back in a car accident. While incarcerated, plaintiff sought treatment for his back and/or complained of back pain in 2008, 2009, 2010, 2012 and 2015. Plaintiff himself testified to the above facts.

{¶7} Plaintiff received instructions regarding safe lifting techniques. Both Mr. Hartford and Ms. Rees offered credible testimony on this fact.

{¶8} Plaintiff sustained no injury proximately caused by his work stocking beverages in MCI's cafeteria in 2017. Plaintiff could not identify a date upon which any injury occurred and presented no expert or medical testimony regarding a diagnosis of any back or other injury related to his work in the cafeteria in 2017.

**Conclusions of law**

{¶9} Plaintiff's complaint asserts a claim for negligence. As stated in *Barnett v. Ohio Dep't of Rehab. & Corr.*, 10th Dist. No. 09AP-1186, 2010-Ohio-4737, ¶¶ 17-18:

> An inmate who is injured while working in a prison shop or industry may assert a cause of action for negligence. To establish a claim of negligence, the plaintiff must provide by a preponderance of the evidence

that: (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; and (3) such breach was the proximate cause of the plaintiff's injuries.

In the context of a custodial relationship between the state and its inmates, the state owes a common-law duty of reasonable care and protection from unreasonable risks of physical harm. Reasonable care is that degree of caution and foresight an ordinarily prudent person would employ in similar circumstances and includes the duty to exercise reasonable care to prevent an inmate from being injured by a dangerous condition about which the state knows or should know. The extent of the state's duty will vary with the circumstances. Where an inmate also performs labor for the state, the state's duty must be defined in the context of those additional factors which characterize the particular work performed. The state, however, is not an insurer of inmate safety, and the special relationship between the state and the inmate does not expand or heighten the duty of ordinary reasonable care. (Internal cites omitted).

Plaintiff bore the burden of proving his claim by a preponderance of the evidence. As stated in *Brothers v. Morrone-O'Keefe Dev. Co., LLC,* 10th Dist. No. 06AP-713, 2007-Ohio-1942, 2007 Ohio App. Lexis 1762, ¶ 49: "[a] preponderance of the evidence is 'the greater weight of the evidence * * * [it] means evidence that must more probable, more persuasive, or of greater probative value."

{¶10} To establish proximate cause relative to his claimed injuries, plaintiff needed to present expert testimony. *See Wright v. City of Columbus,* 10th Dist. No. 05AP-432, 2006-Ohio-759, ¶ 17-19.

{¶11} To be entitled to an injunction, plaintiff had to demonstrate by clear and convincing evidence that he is entitled to relief under applicable statutory law, that an

injunction is necessary to prevent irreparable harm, and that no adequate remedy at law exists. *McDowell v. Gahanna,* 10th Dist. No. 08AP-1041, 2009-Ohio-6768, ¶ 9.

{¶12} To obtain declaratory relief, plaintiff had to demonstrate that a real controversy exists between the parties, which is justiciable, and that speedy relief is necessary to preserve rights that otherwise may be impaired or lost. *Hamilton v. Ohio Dep't of Health*, 10th Dist. No. 14AP-1035, 2015-Ohio-4041, ¶ 23.

**Decision**

{¶13} The magistrate finds that plaintiff failed to prove his negligence claim by a preponderance of the evidence. Primarily, the magistrate finds plaintiff failed to establish any breach of duty or injury proximately caused by his work in MCI's cafeteria in 2017.

{¶14} Given the heavy weight of the cambros when fully loaded, 106 pounds, two men were often needed to lift them. However, the evidence overwhelmingly established that other inmate workers were ready and willing to help and that plaintiff received help. Every inmate worker who testified indicated that workers helped each other in the cafeteria and that they had helped plaintiff. The mere fact that the containers are heavy, when fully loaded, does not constitute a breach of duty. Moreover, when plaintiff complained of pain, he was assigned to a different job. Defendant did not breach its duty of reasonable care in requiring plaintiff, when needed, to ask for help where help is readily available. It further met its duty of reasonable care when it changed plaintiff's job.

{¶15} Further, defendant breached no duty with regard to training plaintiff. The evidence established that plaintiff's job involved simple rudimentary tasks. To the extent any training was needed, plaintiff received instructions on safe lifting techniques.

{¶16} In addition, plaintiff presented limited evidence that he complained of pain in 2017. However, plaintiff failed to establish any specific date of injury or any actual medical diagnosis of an injury. Plaintiff presented no expert testimony. At the same

time, the evidence established that plaintiff had an extensive history of back problems prior to 2017.   Thus, he failed to establish that he actually sustained any injury and, even assuming injury, he failed to establish that his work in MCI's cafeteria proximately resulted in the alleged injuries.

{¶17} As for plaintiff's requests for injunctive and declaratory relief, plaintiff failed to prove any of the necessary elements to obtain injunctive or declaratory relief.  The only controversy between the parties in this case is plaintiff's negligence claim as discussed herein.   As plaintiff failed to prove this claim, he is entitled to no remedy. Moreover, plaintiff seeks recovery for personal injuries for which there is an adequate legal remedy, money damages, and which do not implicate rights that might be impaired or lost.    There is no basis upon which plaintiff is entitled to either injunctive or declaratory relief.

**Conclusion**

{¶18} Based on the foregoing, the magistrate finds plaintiff failed to prove his claims and recommends judgment in defendant's favor.

{¶19} *Note: the following requirements for filing objections have been tolled by the March 27, 2020 Order of Chief Justice of the Supreme Court of Ohio and the Governor's declaration of a public health emergency until July 30, 2020 or the end of the emergency, whichever is sooner.   See 03/27/2020 Administrative Actions, 2020-Ohio-1166.*

{¶20} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i).  If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed.  A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely*

*and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

SCOTT SHEETS
Magistrate

**Filed July 27, 2020**
**Sent to S.C. Reporter 9/3/20**