[Cite as *Little v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-7016.]

| | |
|---|---|
| TRAYVONE LITTLE | Case No. 2019-00725JD |
| Plaintiff | Magistrate Scott Sheets |
| v. | <u>DECISION OF THE MAGISTRATE</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} Plaintiff Trayvone Little (plaintiff) is an inmate in defendant's custody at the Marion Correctional Institution (MCI). Plaintiff seeks money damages for alleged injuries to his back and neck that he alleges were sustained when defendant's employee(s) used force to subdue him on April 1, 2019. The case proceeded to trial via Zoom videoconference. In addition to plaintiff, corrections officer Rock Nissen, Nurse Jonathan Lehman and inmate Robert Allen also testified. Two videos of the incident were entered into evidence. For the following reasons, the magistrate finds that plaintiff failed to prove his claims and recommends judgment in defendant's favor.

**Findings of Fact**

{¶2} On April 19, 2019, plaintiff was incarcerated at Toledo Correctional Institution. On this day, plaintiff approached the facility's medical area in order to obtain regularly scheduled treatment for multiple sclerosis. The medical area has two doors, one for inmates and one for employees. The incident that day unfolded quickly. Plaintiff shook the door used by inmates to enter the medical area multiple times. A corrections officer, Rock Nissen (Mr. Nissen), was in the hallway near plaintiff and he and plaintiff had a brief verbal exchange regarding plaintiff's attempt to gain entrance to the medical area. The two's exchange became heated. Plaintiff and Mr. Nissen both testified to the above facts.

{¶3} Plaintiff then approached the employee entrance to the medical area, at which point plaintiff abruptly turned and approached Mr. Nissen who extended his arm and finger into plaintiff's face without making contact. Officer Nissen believed that plaintiff closed the distance quickly and ordered plaintiff to put his hands on the wall; plaintiff complied. As Mr. Nissen attempted to handcuff plaintiff, both men went to the ground. Plaintiff mostly laid on his side with Mr. Nissen at or near his back. Though Mr. Nissen continued to hold plaintiff with at least one of his hands throughout the incident, Mr. Nissen did not lay on plaintiff or strike him. In fact, no other force was used and the incident quickly ended. Plaintiff was able to get to his feet with assistance and defendant's employees immediately escorted him into the medical unit. The undersigned primarily relied on the videos, Exhibits C and D, in making the above findings. However, as the video is silent, the undersigned also notes that both men testified to some of these facts, such as the fact that Mr. Nissen ordered plaintiff to put his hands on the wall.

{¶4} Plaintiff sustained no injuries as a result of the incident between he and Mr. Nissen. Nurse Lehman testified he examined plaintiff immediately after the incident and observed no injuries. Plaintiff stated during this examination that he was not injured. This examination was memorialized in Exhibit E, the record of plaintiff's examination after the incident. Plaintiff provided no evidence that he sought treatment for any injuries related to the incident and he introduced no evidence that he was diagnosed with any injury after the incident. Plaintiff provided no expert testimony. Plaintiff's testimony that he experienced back pain, which he attributes to the incident, directly conflicts with both the medical evidence and his statement immediately after the incident. Thus, the magistrate finds plaintiff's brief testimony regarding his injuries lacks credibility and, at any rate, is outweighed by the medical evidence.

**Conclusions of Law**

{¶5} Plaintiff bore the burden of proving his claim by a preponderance of the evidence. As stated in *Brothers v. Morrone-O'Keefe Dev. Co., LLC,* 10th Dist. No. 06AP-713, 2007-Ohio-1942, 2007 Ohio App. Lexis 1762, ¶ 49: "[a] preponderance of the evidence is 'the greater weight of the evidence * * * [it] means evidence that must more probable, more persuasive, or of greater probative value."

{¶6} Plaintiff's allegations of unnecessary or excessive force state claims for battery and/or negligence. As stated in *Brown v. Dep't of Rehab. & Corr.*, 10th District No. 13AP-804, 2014-Ohio-1810, ¶¶ 13-14:

> To prove a claim for battery, a plaintiff must demonstrate that the defendant "act[ed] intending to cause a harmful or offensive contact, and * * * a harmful contact result[ed]." A defendant may defeat a battery claim by establishing a privilege or justification defense. However, "the use of excessive force by one privileged to use force on another may constitute battery."
>
> To prove actionable negligence, a plaintiff must show the existence of a duty, breach of that duty, and injury proximately caused by the breach. The state owes a duty to inmates to reasonably care for the inmates' health, care, and well-being.

As also stated in *Brown,* "Ohio Adm. Code 5120-9-01 provides guidance for determining whether a correctional officer's use of force is privileged and/or reasonable." *Id.* at 15.

{¶7} Ohio Adm. Code 5120-9-01(B)(1) defines force as "the exertion or application of a physical compulsion or constraint." Correctional officers "considering the use of force shall evaluate the need to use force based on the circumstances as known and perceived at the time it is considered." Force may be used "only to the extent deemed necessary to control the situation." Ohio Adm. Code 5120-9-01(C)(1). Among other situations, corrections officers may use force in "[s]elf-defense from physical

attack or threat of physical harm." Excessive force "exceeds that force which reasonably appears to be necessary under all the circumstances surrounding the incident." Ohio Adm.Code 5120-9-01(B)(3).

{¶8} To establish proximate cause relative to his claimed injuries, plaintiff needed to present expert testimony. *See Wright v. City of Columbus,* 10th Dist No. 05AP-432, 2006-Ohio-759, ¶ 17-19.

**Conclusion**

{¶9} It must be remembered that "[t]he use of force is an obvious reality of prison life." *Brown,* 10th District No. 13AP-804, 2014-Ohio-1810 at ¶ 15. The evidence at trial established that plaintiff and Officer Nissen exchanged words in a heated fashion relative to plaintiff's attempt to enter the medical area, during which plaintiff then approached the employee entrance to the medical area. After doing so, plaintiff abruptly turned and approached Mr. Nissen quickly before being ordered to the wall and taken to the ground with minimal force. The incident unfolded quickly.

{¶10} In short, Mr. Nissen perceived a threat based on plaintiff's advance toward him. Mr. Nissen did not deploy pepper spray or strike plaintiff. Instead, he used the absolute minimum amount of force necessary, placing his hands on plaintiff before taking plaintiff to the ground and holding him there for a very brief time to control the situation and place cuffs on him. The incident ended quickly and resulted in no injury to plaintiff who received immediate medical attention.

{¶11} The magistrate finds that Mr. Nissen acted reasonably under the circumstances, did not violate the duty of reasonable care owed to inmates and did not injure plaintiff. Moreover, the magistrate finds that Mr. Nissen acted with both justification and privilege in applying minimal force to plaintiff whom he perceived to be a threat.

{¶12} Based on the foregoing, the magistrate finds plaintiff failed to prove his claims by a preponderance of the evidence and recommends judgment in defendant's favor.

{¶13} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

SCOTT SHEETS
Magistrate

**Filed November 20, 2020**
**Sent to S.C. Reporter 1/4/21**