[Cite as *Reese v. Ohio Dept. of Rehab. & Corr.*, 2025-Ohio-5878.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| LAMAR REESE<br><br>　　Plaintiff<br><br>　　v.<br><br>OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION<br><br>　　Defendant | Case Nos. 2024-00557JD and<br>2024-00558JD<br><br>Judge Lisa L. Sadler<br>Magistrate Gary Peterson<br><br><u>JUDGMENT ENTRY</u> |

{¶1} Plaintiff brought this negligence action against Defendant, Ohio Department of Rehabilitation and Correction (ODRC). On September 10, 2025, the Magistrate held a trial. Upon the close of Plaintiff's case-in-chief, Defendant moved for dismissal pursuant to Civ.R. 41(B)(2). The Magistrate granted Defendant's motion at trial and on September 12, 2025, issued a Decision recommending judgment in favor of Defendant. On September 29, 2025, after an extension was granted, Plaintiff timely filed objections to the Magistrate's Decision. Defendant did not file a response to Plaintiff's objections. For the reasons set forth below, the Court OVERRULES Plaintiff's objections and adopts the Magistrate's Decision as its own.

{¶2} On October 9, 2025, Plaintiff filed a Motion for directed verdict. According to Civ.R. 50(A) "[a] motion for a directed verdict may be made on the opening statement of the opponent, at the close of the opponent's evidence or at the close of all the evidence." Plaintiff filed his motion after he filed objections to the Magistrate's decision therefore, it was untimely and the Court DENIES the motion. On November 3, 2025, Plaintiff filed a Motion for Extension of Time to file a reply to any response to his objections Defendant files; Defendant did not file a response. Therefore, this Motion is DENIED as moot.

**Standard of Review**

{¶3} In reviewing the objections, the Court does not act as an appellate court but rather conducts "a de novo review of the facts and conclusions in the magistrate's decision." *Ramsey v. Ramsey*, 2014-Ohio-1921, ¶ 17 (10th Dist.) (internal citations omitted). Objections "shall be specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii). They must be supported "by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if the transcript is not available." Civ.R. 53(D)(3)(b)(iii).

{¶4} On October 3, 2025, Plaintiff filed an "Omnibus Motion" wherein he requested that the Court order a transcript and provide it to him free of cost and asked the Magistrate to prepare a narrative transcript. Plaintiff's Motion is not well taken. Civ.R. 53(D)(3)(b)(iii) provides that an "objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause." Plaintiff has not sought an extension of time to file a transcript nor has he demonstrated good cause for such an extension. Moreover, it is the objecting party's responsibility to support any objections to factual findings with either a transcript of all the evidence relevant to that finding or an affidavit of that evidence if a transcript is unavailable. *Id*. Accordingly, Plaintiff's motion is DENIED.

{¶5} When an objecting party fails to properly support his objections with a transcript or affidavit, "the trial court must accept the magistrate's factual findings and limit its review to the magistrate's legal conclusions." *Triplett v. Warren Corr. Inst.*, 2013-Ohio-2743, ¶ 13 (10th Dist.). Plaintiff failed to provide a transcript or an affidavit. Accordingly, the Court limits its review to the Magistrate's legal conclusions.

**Background**

{¶6} Plaintiff did not file a transcript of the trial before the Magistrate. The Court therefore accepts the facts as found by the Magistrate and limits its review to the Magistrate's legal conclusions. *Triplett* at ¶ 13.

{¶7} At the September 10, 2025 trial the Magistrate found that Plaintiff testified that his property was packed up by ODRC staff and following that he was missing his prescription medication, Coreg. Plaintiff was unable to take his medication for 15 days.

Plaintiff believes that because he was unable to take this medication for 15 days, he needed surgery to repair/replace his aorta. Prior to trial, Plaintiff filed a motion to file a deposition, two motions to admit evidence, and a motion for a jury trial which the Magistrate denied at trial. Plaintiff moved three exhibits into evidence without objection. Plaintiff attempted to call subpoenaed witnesses however, none of the witnesses appeared for trial and no witness fees were attached to the subpoenas.

## Objections

{¶8} Plaintiff categorizes his objections into four sections titled Subpoenas, Experts' Willing Attendance, Medical Records, and New Evidence.

## First Objection: Subpoenas

{¶9} Plaintiff asserts that the Magistrate erred in finding that the subpoenas were defective for lack of witness fees and for failing to enforce the subpoenas at trial. Plaintiff argues that the subpoenas were not defective because the trial was held over Zoom and therefore, pursuant to Civ.R. 45(B), he was not required to pay witness fees. Further, Plaintiff argues that because ODRC did not file a timely motion to quash, the subpoenas were valid even if defective.

{¶10} Without a transcript, the Court is unable to review whether Plaintiff attempted to call any specific witnesses at trial. According to the docket, Plaintiff requested several subpoenas all of which were issued. However, the instructions to the sheriff for serving the subpoenas noted that no witness fee checks were enclosed. It is unclear from the record if any of the witnesses demanded the fees or if they would have been willing to testify without fee. *See* Civ.R. 45(C) (The witness fee shall be tendered without demand if the witness resides outside the county in which the court is located.). Nevertheless, without a transcript, the Court does not know whether Plaintiff attempted to call the subpoenaed witnesses for the trial. In the absence of a transcript, the Court presumes the regularity and validity of the trial procedures. *See Knapp v. Edwards Labs,* 61 Ohio St.2d 197, 199 (1980) ("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity

of the lower court's proceedings, and affirm."); *see also Yaklevich v. Dinneen,* 2021-Ohio-4531 (10th Dist.). Accordingly, the Court OVERRULES Plaintiff's first objection.

**Second Objection: Experts Willing Attendance**

{¶11} Plaintiff argues that the Magistrate erred in granting Defendant's motion to change the trial start time from 9:30 a.m. to 10:00 a.m. a week prior to trial. Plaintiff asserts that he "was prevented from getting the expert witnesses' minds and schedules based on 10:00AM." *Objections* p. 2. As noted above, without a transcript, the Court does not know which witnesses Plaintiff attempted to call at trial or the reason for any unavailability they may have had. Also noted above, in the absence of a transcript, the Court presumes the regularity and validity of the trial procedures. *See Knapp.* Further, the Court finds that, given the unpredictability of witness schedules, a 30-minute delay in trial time is not significant enough to cause a significant disruption to Plaintiff's case without extenuating circumstances. Therefore, the Court OVERRULES Plaintiff's second objection.

**Third, Fourth, and Fifth Objections: Medical Records**

{¶12} First, Plaintiff argues that the Magistrate erred in denying his motion for continuance because he was only allowed to view his medical records 45 days prior to trial. Plaintiff states that after he reviewed his medical records he had a different view of the case and needed to prepare a different strategy for trial.

{¶13} On August 20, 2025, Plaintiff filed a motion for continuance of the trial. On September 3, 2025, the Magistrate issued an order denying Plaintiff's motion for continuance. A magistrate's order is properly challenged by a motion to set aside "filed not later than ten days after the order is filed." *See* Civ.R. 53(D)(2)(b). An objection is not the proper procedural method to challenge a magistrate's order; objections are reserved for challenges to magistrate decisions. *See* Civ.R. 53(D). Because Plaintiff failed to file a proper, timely, motion to set aside and instead improperly challenged the September 3, 2025 Order in his objections, the Court OVERRULES Plaintiff's third objection.

{¶14} Next, Plaintiff asserts that the Magistrate erred in finding that Plaintiff's own testimony and medical records are insufficient to prove negligence. To the extent that this constitutes an objection to the Magistrate's findings of fact, the objection is OVERRULED because Plaintiff did not file a transcript. *See Triplett*. To the extent that Plaintiff objects to the Magistrate's application of the law, the objection lacks merit. The Court finds that the Magistrate properly determined that the question of whether the loss of Plaintiff's Coreg caused a subsequent medical event involves a complex medical question, and thus, expert testimony was required to establish proximate cause. *See Wright v. Columbus*, 2006-Ohio-759, ¶ 19 (10th Dist.); *Schadhauser v. ODRC*, 2018-Ohio-3282, ¶ 11-12 (10th Dist.). Therefore, the Court OVERRULES Plaintiff's fourth objection.

{¶15} Finally, Plaintiff's fifth objection alleges that at trial the Magistrate denied Plaintiff's motion for the Magistrate to get a copy of his medical records and view them in camera and did not provide a reason for the denial. As noted above, in the absence of a transcript, the Court presumes the regularity and validity of the trial procedures. *See Knapp*. Therefore, the Court OVERRULES Plaintiff's fifth objection.

**Sixth Objection: New Evidence**

{¶16} Plaintiff asserts that the Magistrate erred in denying Plaintiff's June 2, 2025 and September 10, 2025 motions to admit "evidence of Michigan Medicine Vascular surgeon Jonathan Eliason M.D. and papers from the American Heart Association explaining how Aortic aneurysms can grow faster from uncontrolled blood pressure and hypertension." *Objections* p. 5. A review of the docket shows that the Court denied Plaintiff's motion to admit evidence as moot in a June 27, 2025 entry. An objection is not the proper procedural method to challenge a court's entry; objections are reserved for challenges to magistrate decisions. *See* Civ.R. 53(D). As to the September 10, 2025 motion, the Magistrate's Decision states that plaintiff moved three exhibits into evidence without objection. Because no transcript was filed, the Court does not know if Plaintiff attempted to move additional evidence into evidence. In the absence of a transcript, the Court presumes the regularity and validity of the trial procedures. *See Knapp*. Accordingly, the Court OVERRULES Plaintiff's sixth and final objection.

**Conclusion**

{¶17} The Court finds that the Magistrate appropriately applied the law in this case. The Court OVERRULES all of Plaintiff's objections. Therefore, the Court adopts the Magistrate's Decision as its own. Judgment is rendered in favor of ODRC. Court costs are assessed against Plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

 

 

LISA L. SADLER
Judge

**Filed December 16, 2025**
**Sent to S.C. Reporter 1/6/26**